UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ECOFACTOR, INC<br><br>Plaintiff,<br><br>v.<br><br>RESIDEO TECHNOLOGIES, INC.,<br><br>Defendants. | Civil Action No. 6:22-cv-00069-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT RESIDEO TECHNOLOGIES INC.'S
ANSWER AND DEFENSES**

Defendant Resideo Technologies Inc. ("Resideo") responds to EcoFactor's ("EcoFactor" or "Plaintiff") First Amended Complaint ("Complaint") as follows: Each numbered paragraph below responds to the same numbered paragraph in the Complaint. Any allegation Resideo does not expressly admit is denied.

**INTRODUCTION[1]**

1. Resideo admits that this is a case brought under the patent laws of the United States but denies the Plaintiff has any viable claim thereunder and denies the remaining allegations of Paragraph 1 of the Complaint.

2. Resideo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies them.

---

[1] For ease of reference, Resideo incorporates the outline headings used in the Complaint. To the extent that such headings make factual allegations, Resideo does not adopt or admit such statement and instead denies them.

3. Resideo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and therefore denies them.

4. Resideo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and therefore denies them.

## PARTIES

5. Resideo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, and therefore denies them.

6. Resideo admits that Resideo Technologies, Inc. is a Delaware Corporation. Resideo maintains a place of business at 6801 N. Capitol of Texas Highway, Building 1, Suite 250, Austin, TX 78731. Resideo denies the remaining allegations of Paragraph 6.

## JURISDICTION AND VENUE

7. Resideo admits that this is a case brought under the patent laws of the United States but denies the Plaintiff has any viable claim thereunder. Resideo admits that this Court has subject matter jurisdiction over this action.

8. Resideo admits that this Court has personal jurisdiction over it. Resideo denies that it, directly or through subsidiaries or intermediaries, has committed or continues to commit any act of infringement in this or any judicial district and denies the remaining allegations of Paragraph 8 of the Complaint.

9. Resideo does not contest that venue over this action is proper in this District, but denies that it is the most convenient venue and expressly reserves its right to move for transfer for a more convenient venue. Resideo denies that it, directly or through subsidiaries or intermediaries, has committed or continues to commit any acts of infringement in this or any judicial district and denies the remaining allegations of Paragraph 9 of the Complaint.

## THE TECHNOLOGY AND PRODUCTS AT ISSUE

10. Resideo denies the allegations of Paragraph 10 of the Complaint.

11. Resideo denies the allegations of Paragraph 11 of the Complaint.

12. Resideo denies the allegations of Paragraph 12 of the Complaint.

13. Resideo denies the allegations of Paragraph 13 of the Complaint.

14. Resideo denies the allegations of Paragraph 14 of the Complaint.

## COUNT I

### [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,534,382

15. Resideo incorporates Paragraphs 1 through 14 of this Answer as if set forth here in full.

16. Resideo admits what appears to be a copy of U.S. Patent No. 10,534,382 titled "System and method for using a wireless device as a sensor for an energy management system" is attached as Exhibit 1 to the Complaint. Resideo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16, and therefore denies them.

17. Resideo denies the allegations of Paragraph 17 of the Complaint.

18. Resideo denies the allegations of Paragraph 18 of the Complaint.

19. Resideo denies the allegations of Paragraph 19 of the Complaint.

20. Resideo denies the allegations of Paragraph 20 of the Complaint.

21. Resideo denies the allegations of Paragraph 21 of the Complaint.

22. Resideo denies the allegations of Paragraph 22 of the Complaint.

23. Resideo denies the allegations of Paragraph 23 of the Complaint.

24. Resideo denies the allegations of Paragraph 24 of the Complaint.

## COUNT II

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,584,890

25. Resideo incorporates Paragraphs 1 through 24 of this Answer as if set forth here in full.

26. Resideo admits what appears to be a copy of U.S. Patent No. 10,584,890 titled "System and Method for Using a Mobile Electronic Device to Optimize an Energy Management System" is attached as Exhibit 3 to the Complaint. Resideo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26, and therefore denies them.

27. Resideo denies the allegations of Paragraph 27 of the Complaint.

28. Resideo denies the allegations of Paragraph 28 of the Complaint.

29. Resideo denies the allegations of Paragraph 29 of the Complaint.

30. Resideo denies the allegations of Paragraph 30 of the Complaint.

31. Resideo denies the allegations of Paragraph 31 of the Complaint.

32. Resideo denies the allegations of Paragraph 32 of the Complaint.

33. Resideo denies the allegations of Paragraph 33 of the Complaint.

34. Resideo denies the allegations of Paragraph 34 of the Complaint.

## PRAYER FOR RELIEF

Resideo denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

## JURY TRIAL DEMAND

No response is required to Plaintiff's demand for a trial by jury. Resideo also demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, and without assuming any burden it would not otherwise bear, Resideo currently asserts the following defenses to Plaintiff's Complaint:

**FIRST DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Resideo does not infringe, and has not infringed, any claim of U.S. Patent Nos. 10,534,382 and 10,584,890 (collectively the "Asserted Patents") literally, directly, indirectly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

**THIRD DEFENSE**

The claims of the Asserted Patents are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, U.S. Pat. No. 10,534,382 is invalid under 35 U.S.C. §§ 102 and/or 103 under one or more grounds identified in co-pending proceedings before the Patent Trial and Appeals Board, including IPR2021-00054 and IPR2021-01052. For another example, U.S. Pat. No. 10,584,890 is invalid under 35 U.S.C. §§ 102 and/or 103 under one or more grounds identified in co-pending proceedings before the Patent Trial and Appeals Board, including IPR2022-00535.

**FOURTH DEFENSE**

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the applications that led to the Asserted Patents, from asserting any interpretation of the claims of those patents that would be broad enough to cover any accused instrumentality or methods alleged to infringe those patents, either literally or under the doctrine of equivalents.

**FIFTH DEFENSE**

Plaintiff's claims for patent infringement are precluded in whole or in part: (i) to the extent any allegedly infringing products are supplied, directly or indirectly, to Resideo by an entity or entities having express or implied licenses to the Asserted Patents; and/or (ii) under the doctrine of patent exhaustion.

**SIXTH DEFENSE**

Any claim by Plaintiff for damages is limited under 35 U.S.C. §§ 252, 286, 287, and/or 307. Plaintiff is barred under 35 U.S.C. § 287 from recovering damages before the filing of its Complaint. Plaintiff is further barred by 35 U.S.C. § 288 from recovering costs associated with its action.

**SEVENTH DEFENSE**

Plaintiff is barred, in whole or in part, under principles of equity, including laches, prosecution laches, waiver, estoppel, and/or unclean hands.

**EIGHTH DEFENSE**

Plaintiff is not entitled to an injunction with respect to the Asserted Patents under any theory because Plaintiff has not and will not suffer irreparable harm, Plaintiff does not practice the patents, Plaintiff is not without an adequate remedy at law, and/or public policy concerns weigh against any equitable relief.

**NINTH DEFENSE**

Plaintiff has dedicated to the public any method, system, and/or product disclosed in Asserted Patents but not literally claimed therein and is therefore estopped from claiming infringement by any such public domain method, system, and/or product.

**TENTH DEFENSE**

The accused products and their components have substantial non-infringing uses and therefore Resideo does not contribute to the alleged infringement of any claims of the Asserted Patents.

## RESERVATION OF ALL AFFIRMATIVE DEFENSES

Resideo hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

## COUNTERCLAIMS

Without waiver of any rights, including the right to seek dismissal and/or transfer of this action, Resideo, by and through its undersigned counsel, alleges the following counterclaims against EcoFactor in accordance with the Federal Rules of Civil Procedure. Resideo incorporates the foregoing responses and defenses as if fully set forth herein.

## THE PARTIES

1. According to Plaintiff's own allegations, EcoFactor is a privately held company, having its principal place of business at 441 California Avenue, Number 2, Palo Alto, CA 94301.

2. Resideo is a Delaware corporation with a place of business at 16100 N 71st Street, Suite 550 Scottsdale, Arizona 85254.

## JURISDICTION AND VENUE

3. Subject to Resideo's affirmative defenses and denials, this Court has jurisdiction over the subject matter of Resideo's counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

4. EcoFactor has consented to the personal jurisdiction of this Court by commencing

its action for patent infringement in this judicial district.

5. Venue for these counterclaims is proper in this judicial district under 28 U.S.C. § 1391.

## FIRST COUNTERCLAIM
### Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,534,382

6. Resideo re-alleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 5 above.

7. An actual case or controversy exists between Resideo and EcoFactor as to whether U.S. Patent No. 10,534,382 (the "382 Patent") is infringed by Resideo.

8. Resideo has not infringed and is not now infringing either literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the 382 Patent. For example, the accused products do not satisfy the requirements of the "one or more processors" claim limitations.

9. Resideo has not induced or contributed and is not now inducing or contributing to the infringement of any valid and enforceable claim of the 382 Patent by others either directly or indirectly, literally or under the doctrine of equivalents.

10. Resideo has not and is not now willfully nor deliberately infringing any valid and enforceable claim of the 382 Patent.

11. A judicial declaration is necessary and appropriate so that Resideo may ascertain its rights regarding the 382 Patent.

12. This is an exceptional case under 35 U.S.C. § 285 because EcoFactor filed its Complaint with knowledge of the facts stated in this Counterclaim.

## SECOND COUNTERCLAIM
### Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,584,890

8

13. Resideo re-alleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 12 above.

14. An actual case or controversy exists between Resideo and EcoFactor as to whether the U.S. Patent No. 10,584,890 (the "890 Patent") is infringed by Resideo.

15. Resideo has not infringed and is not now infringing either literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the 890 Patent. For example, the accused products do not satisfy the requirements of the "one or more processors" claim limitations.

16. Resideo has not induced or contributed and is not now inducing or contributing to the infringement of any valid and enforceable claim of the 890 Patent by others either directly or indirectly, literally or under the doctrine of equivalents.

17. Resideo has not and is not now willfully nor deliberately infringing any valid and enforceable claim of the 890 Patent.

18. A judicial declaration is necessary and appropriate so that Resideo may ascertain its rights regarding the 890 Patent.

19. This is an exceptional case under 35 U.S.C. § 285 because EcoFactor filed its Complaint with knowledge of the facts stated in this Counterclaim.

### THIRD COUNTERCLAIM
### Declaratory Judgment of Invalidity of U.S. Patent No. 10,534,382

20. Resideo re-alleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 19 above.

21. An actual case or controversy exists between Resideo and EcoFactor as to whether the 382 Patent is invalid.

22. Each claim of the 382 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. § 101 et seq., including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

23. For example, the 382 Patent is invalid under 35 U.S.C. §§ 102 and/or 103 under one or more grounds identified in co-pending proceedings before the Patent Trial and Appeals Board, including IPR2021-00054 and IPR2021-01052. For a second example the claims of the 382 Patent are indefinite under 35 U.S.C. § 112 as they fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention with respect to the claim term "one or more processors."

24. A judicial declaration is necessary and appropriate so that Resideo may ascertain its rights as to whether the 382 Patent is invalid.

25. This is an exceptional case under 35 U.S.C. § 285 because EcoFactor filed its Complaint with knowledge of the facts stated in this Counterclaim.

**FOURTH COUNTERCLAIM**
**Declaratory Judgment of Invalidity of U.S. Patent No. 10,584,890**

26. Resideo re-alleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 25 above.

27. An actual case or controversy exists between Resideo and EcoFactor as to whether the 890 Patent is invalid.

28. Each claim of the 890 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. § 101 et seq., including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

29. For example, the 890 Patent is invalid under 35 U.S.C. §§ 102 and/or 103 under one or more grounds identified in co-pending proceedings before the Patent Trial and Appeals Board, including IPR2022-00535. For a second example the claims of the 890 Patent are indefinite under 35 U.S.C. § 112 as they fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention with respect to the claim term "one or more processors."

30. A judicial declaration is necessary and appropriate so that Resideo may ascertain its rights as to whether the 890 Patent is invalid.

31. This is an exceptional case under 35 U.S.C. § 285 because EcoFactor filed its Complaint with knowledge of the facts stated in this Counterclaim.

## **PRAYER FOR RELIEF**

Wherefore, Resideo asks this Court to enter judgment in Resideo's favor and against EcoFactor by granting the following relief:

A. a dismissal of all claims in EcoFactor's complaint against Resideo with prejudice and a complete denial of EcoFactor's request for a judgment, injunctive relief, damages, royalty, interest, costs, and any other form of relief;

B. a declaration that Resideo has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the 382 and 890 Patents;

C. a declaration that the 382 and 890 Patents are invalid;

D. a declaration that this is an exceptional case under 35 U.S.C. § 285, and an award to Resideo of its reasonable costs and expenses of litigation, including attorneys' fees, prejudgment interest thereon, and expert witness fees;

E. an award of Resideo's reasonable costs and expenses of litigation; and

any such other and further relief as the Court finds just and proper.

Dated: April 1, 2022                                         Respectfully submitted,

By: */s/ S. Benjamin Pleune*
    S. Benjamin Pleune
    Stephen R. Lareau
    Matt Turk
    **ALSTON & BIRD LLP**
    One South at The Plaza
    101 South Tryon Street, Suite 4000
    Charlotte, NC 28280
    Telephone:  704-444-1000
    ben.pleune@alston.com
    stephen.lareau@alston.com
    matt.turk@alston.com

    Ted Stevenson
    Brady Cox
    **ALSTON & BIRD LLP**
    Chase Tower
    2200 Ross Avenue, Suite 2300
    Dallas, Texas 75201
    Telephone:  214-922-3400
    ted.stevenson@alston.com
    brady.cox@alston.com

    *Attorneys for Defendant*
    *Resideo Technologies Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on April 1, 2022.

*/s/ S. Benjamin Pleune*
S. Benjamin Pleune