# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| ECOFACTOR, INC.,<br>    *Plaintiff*<br><br>–vs–<br><br>RESIDEO TECHNOLOGIES, INC.,<br>    *Defendant* | § § § § § § § § § § § § § | **W-22-CV-00069-ADA** |

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER

Before the Court is Defendant Resideo Technologies, Inc.'s ("Resideo's") Motion to Transfer Venue to the District of Minnesota or, Alternatively, to the Austin Division of the Western District of Texas. ECF No. 14. Plaintiff EcoFactor, Inc. ("EcoFactor") opposes the motion. ECF No. 24. Resideo filed a reply to further support its motion. ECF No. 25. After careful consideration of the parties' briefs and the applicable law, the Court **DENIES** Resideo's motion to transfer venue to the District of Minnesota. The Court reserves its decision on the alternative motion to transfer to the Austin Division of the Western District of Texas for a later time.

## I.    FACTUAL BACKGROUND

In its complaint, EcoFactor claims Resideo infringed on U.S. Patent Nos. 10,534,382 ("the '382 patent") and 10,584,890 ("the '890 patent") (collectively, the "EcoFactor patents"), which relate to smart energy management systems. ECF No. 9 at ¶ 1, 16, 26. EcoFactor, the owner of the EcoFactor patents, is a privately held company with its principal place of business in California. *Id.* at ¶ 5. Resideo is a corporation organized under the laws of the state of Delaware. *Id.* at ¶ 6. Resideo's headquarters are located in Arizona. ECF No. 14 at 6. Resideo admits that its headquarters were formerly located in Austin, Texas within the Western District of Texas. *Id.*

1

Resideo further admits that it still maintains an office in Austin. *Id.* According to EcoFactor, Resideo sells smart thermostat systems, smart HVAC systems, and smart HVAC control systems that infringe on the EcoFactor patents. ECF No. 9 at ¶ 10. Specifically, EcoFactor accuses the Resideo's T5 Pro Smart Thermostat, T6 Smart Thermostat, T9 Smart Thermostat, and T10 Pro Smart Thermostat as well as Resideo's servers, backend systems, web portals, APIs, mobile applications, and remote sensor accessories of infringing the EcoFactor patents. *Id.* at ¶ 17, 27. The Court will refer to these products collectively as the "accused products."

In addition to this case, EcoFactor filed one other case in this District alleging infringement of the EcoFactor patents. *EcoFactor, Inc. v. Amazon.com, Inc.*, No. 6:22-cv-00068-ADA (W.D. Tex. Jan. 18, 2022). EcoFactor has also filed an additional case alleging infringement of the '890 patent. *EcoFactor, Inc. v. Ecobee, Inc.*, No. 6:21-cv-00428-ADA (W.D. Tex. Apr. 28, 2021). Additionally, EcoFactor has six other pending cases in this District involving related technology. *EcoFactor, Inc. v. Ecobee, Inc.*, No. 6:20-cv-00079-ADA (W.D. Tex. Jan 31, 2020); *EcoFactor, Inc. v. Vivint, Inc.*, No. 6:20-cv-00080-ADA (W.D. Tex. Jan. 31, 2020); *EcoFactor, Inc. v. Google LLC*, No. 6:22-cv-00032-ADA (W.D. Tex. Jan. 10, 2022); *EcoFactor, Inc. v. Ecobee Inc.*, No. 6:22-cv-00033-ADA (W.D. Tex. Jan. 10, 2022); *EcoFactor, Inc. v. Vivint, Inc.*, No. 6:22-cv-00034-ADA (W.D. Tex. Jan. 10, 2022); *EcoFactor, Inc. v. Google LLC*, No. 6:22-cv-00350-ADA (W.D. Tex. Apr. 1, 2022). Earlier this year, this Court held a trial in one of EcoFactor's cases involving similar technology. *EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-00075-ADA (W.D. Tex. Jan. 31, 2020) (jury trial began on Jan. 31, 2022).

After answering EcoFactor's complaint, Resideo filed the instant motion to transfer. ECF No. 14. Resideo does not argue that the Western District of Texas ("WDTX") is an improper venue for this case; instead, it argues that the District of Minnesota ("DMN") is a more convenient forum,

pointing to the location of potential witnesses, the location of relevant records, and the local interest in Minnesota. *Id*. at 11−12, 18. EcoFactor contends that the case should remain in the WDTX, pointing to, among other factors, Resideo's presence in the WDTX and the other pending cases in this Court involving related technology. ECF No. 24 at 5.

## II.    LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp*., 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . " *Id*. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under § 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative

difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show an individual factor *clearly* favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

## III.   DISCUSSION

The threshold determination in the § 1404(a) analysis is whether this case could initially have been brought in the destination venue—the DMN. Neither party disputes that venue could be proper in the DMN. Resideo operates a regular and established place of business in Golden Valley, Minnesota within the DMN. ECF No. 14 at 9. This Court therefore finds that venue would have been proper in the DMN had the suit originally been filed there. Thus, the Court now analyzes the private and public interest factors to determine if the DMN is a clearly more convenient forum than the WDTX.

**A.  The Private Interest Factors**

   ***i.   The Cost of Attendance and Convenience for Willing Witnesses***

   The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). According to Fifth Circuit law, if the distance between a current venue and a proposed venue is more than 100 miles, the inconvenience to witnesses increases in direct relationship to the additional distance they must travel if the matter is transferred. *Volkswagen II*, 545 F.3d at 317. But it is unclear when the 100-mile rule applies, as the Federal Circuit has stated that courts should not apply the rule "rigidly" in some cases where witnesses would be required to travel a significant distance no matter what venue they testify in. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at * 4 (Fed. Cir. Sept. 27, 2021). According to the Federal Circuit, time is a more important metric than distance. *Id.* However, the Federal Circuit has also held that when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor. *In re Apple*, 979 F.3d at 1342. When analyzing this factor, the Court should consider all potential witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017).

   According to Resideo, the majority of the relevant witnesses are based in its Golden Valley facility in the DMN. ECF No. 14 at 13. Resideo admits that it also has relevant witnesses in Austin within the WDTX. *Id.* at 14. Resideo also suggests that it may have potentially relevant witnesses outside of the United States. *Id.* at 13. Resideo claims that there are third-party willing witnesses from Resideo's former mobile application developer, Mutual Mobile, and these witnesses are

likely located in Austin. *Id.* at 15; ECF No. 14-1 at ¶ 8. EcoFactor and Resideo seem to agree that EcoFactor's willing witnesses are located in California. ECF No. 14 at 14; ECF No. 24 at 13. Each group of witnesses will be discussed further below.

1. Resideo's Employees in the DMN

According to Resideo, most of the engineers knowledgeable of the accused products are located in Resideo's facility in Golden Valley, Minnesota. ECF No. 14 at 13. Resideo also states that the marketing team for the accused products is "predominately" based in Golden Valley. ECF No. 14-1 at ¶ 5. Resideo has identified the following potential willing witnesses ███████████ ██████████████████████████████████████████████████████ ECF No. 25 at 5–6. ██████ ███████████████████████████████████████████ ECF No. 14-1 at ¶ 4; ECF No. 25-1 at 17. ████████████████████████ ECF No. 25-1 at 15. Resideo argues that the DMN is a far more convenient forum for these witnesses than the WDTX. ECF No. 14 at 13. In response, EcoFactor doubts the relevancy of Resideo's witnesses in the Golden Valley facility because ████████████████████████ ███████████████████████ ECF No. 24 at 11. EcoFactor also argues that the WDTX is not inconvenient for witnesses located in Golden Valley because these employees can work remotely. *Id.*

The Court finds that Resideo's Golden Valley-based witnesses would be relevant at trial.



███████████████████████████████████████ ECF No. 25 at 5–6; *see* ECF No. 25-1 at 32 (████ ████████████████████████████████████████████); *id.* at 41 (██████████████████████████████████ ██████). EcoFactor argues these two witnesses are irrelevant because the engineers in Golden

Valley ███████████████████████████████████████. ECF No. 24 at 11. Despite EcoFactor's arguments otherwise, the Court finds that these witnesses likely possess knowledge relevant to EcoFactor's infringement theories. In its complaint, EcoFactor accuses Resideo's products of infringing claims 1−20 of the '382 patent and claims 1−17 of the '890 patent. ECF No. 9 at ¶ 7, 9. Claim 1 of the '382 patent requires "a system" with "a memory," "one or more processors with circuitry," and "at least one sensor." '382 patent, cl. 1. Claim 1 of the '890 patent claims "a thermostat system" with "a housing," "electrical contacts," "a display," "a wireless radio," "a temperature sensor," "one or more processors configured with electronic circuitry," "electronic circuitry," and "a compressor delay circuit." '890 patent, cl. 1. These are all hardware components of the claimed inventions. Even though ████████████████████████████ ███████████████████████████████, their knowledge may be relevant at trial to show that the accused products do not include all of the claim limitations.

The Court agrees with Resideo that the DMN would be a more convenient forum than the WDTX for Resideo's employees in Golden Valley, Minnesota. The relevant consideration here is "the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, 2021 WL 4427899, at * 4. Even if EcoFactor is correct that Resideo's employees can work remotely while they travel to attend trial, these employees are still inconvenienced more if they are required to travel to the WDTX rather than the DMN. Thus, the Court finds the presence of these witnesses in Minnesota weighs in favor of transfer.

2. <u>Resideo's Employees in Austin, TX</u>

████████████████████████████████████████ ECF No. 14 at 14. Resideo's Austin office employs executive and management personnel and software

engineers. ECF No. 14-1 at ¶ 8. ███████████████████████████████████████████

███████████████████ ECF No. 25 at 6. ████████████████████████████████████████

███████████████████████████████████████ ECF No. 25-1 at 16, 46. But

Resideo's declarant, ████████████████████████████████████████████████████

███████████████████ *See id.* at 45 (██████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

██████); *id.* at 34 (█████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

██████). ███████████████████████████████████████████████████████████████

███████████████████████████████████████ *See id.* at 21 (█████████████████

█████████████████████████████████████████████████████████████████████████

██████████████████████████████████). █████████████████████████████████████

███████████████████████ ECF No. 14-1 at ¶ 8. Resideo also claims that it ████████████

████████████████████████████. ECF No. 25 at 5. Based on the information provided by

Resideo, EcoFactor argues that Resideo's relevant employees are located in the Austin office,

including software engineers for the accused product and executive and management employees.

ECF No. 24 at 11.

  The Court finds that there are likely relevant employees in Resideo's Austin office. The

EcoFactor patents involve software in addition to hardware. Claim 1 of the '382 patent requires

"code" designed to execute various instructions. '382 patent, cl. 1. At a minimum, Claim 1 of the

'890 patent likely requires software to "determine a first temperature setpoint data parameter,"

"determine a second temperature setpoint data parameter," "adjust the temperature value based on

the geo-positioning data," "analyze a plurality of data parameters specific to the user," and

"generate and communicate usage metrics pertaining to the HVAC system over time." '890 patent, cl. 1. Because Resideo's "primary software center" is located in Austin and ███████████

███████████████████████████████████████████████████████████████████████

████, the Court finds that at least some of Resideo's employees with knowledge of the software of the accused products are based in Austin. However, ████████████████████

███████████████████████████████████████████████████████████████████████

██████████████████████████████. ECF No. 25 at 5–6; *see* ECF No. 25-1 at 32 (████████

███████████████████████████████████████████████████████████████████████);

*id.* at 41 (████████████████████████████████████████████████████████████

████████); *id.* at 43 (█████████████████████████████████████████████████

████████████████████████████████████).

████████████████████████████████████████. ECF No. 25-1 at 39. ████████

███████████████████████████████████████████████████████████████████████

█████████████████████ *Id.* at 43; *id.* at 40–41. The Court concludes that, in addition to those relevant employees identified by Resideo, there are likely other employees with relevant knowledge of the software of the accused products located in the Austin office.

   The Court also finds that there are likely non-technical employees in the Austin office that may be asked to testify at trial. █████████████████████████████████████████

█████████████████████████ ECF No. 14-1 at ¶ 8. Additionally, █████████████████

███████████████████████████████████████████████████████████████████████

ECF No. 25 at 6; ECF No. 25-1 at 16, 46. The Court finds that there are likely technical and non-technical Resideo employees based in Resideo's Austin office. The Court also concludes that the WDTX is a more convenient forum than the DMN for the Resideo's Austin-based employees. The

Austin-based employees would only have to make a short drive to attend trial in Waco. However, if the case were transferred to the DMN, Resideo's Austin-based employees would have to fly to another state and "be away from their homes and work for an extended period of time." *In re Google, LLC*, 2021 WL 4427899, at * 4. The Court finds that the presence of relevant Resideo employees in the WDTX weighs against transfer.

### 3.   Resideo's Willing Witnesses Outside the United States

████████████████████████████████████████████████████████

████████████████████████████████████████████████████ .

ECF No. 14 at 13. To the extent that any relevant Resideo employee is based outside of the United States, neither the DMN nor the WDTX is a convenient forum. Resideo's international employees would have to travel a significant distance to either venue and would incur travel, lodging, and related costs in both locations. Even if one venue may be slightly more convenient than the other for Resideo's international employees, this difference should not weigh heavily in the analysis of this factor. *In re Apple*, 979 F.3d at 1342. The Court finds that the presence of any relevant Resideo employees outside of the United States does not affect the outcome of this factor.

### 4.   Third-Party Willing Witnesses from Mutual Mobile

Resideo supports its argument for intra-district transfer to the Austin Division by claiming that Austin would be a more convenient venue than Waco for relevant witnesses from Resideo's former third-party mobile application developer, Mutual Mobile. ECF No. 14 at 15; ECF 14-1 at ¶ 8. However, EcoFactor points out that Resideo has not provided any indication that relevant witnesses from Mutual Mobile are willing to testify at trial. ECF No. 24 at 14. Resideo did not dispute EcoFactor's argument in its reply brief. ECF No. 25.

The Federal Circuit has held that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018). Because Resideo has failed to show that relevant witnesses from Mutual Mobile are willing to testify at trial, these potential witnesses are presumed to be unwilling. They will be considered under the compulsory process factor below. The potential witnesses from Mutual Mobile do not impact the outcome of the willing witness factor.

### 5. EcoFactor's Willing Witnesses in California

According to Resideo, EcoFactor's willing witnesses are in Millbrae, California and Palo Alto, California. ECF No. 14 at 14. Resideo argues that the DMN would be a more convenient venue for EcoFactor's witnesses in California because direct flights are available from Palo Alto to Minneapolis, Minnesota, but there are no direct flights from Palo Alto to Waco. *Id.* at 14; ECF No. 14-2 at 55, 62. In response, ███████████████████████████████ ███████████████████████████████, because these witnesses are willing to travel to Waco and EcoFactor has related cases in this Court. ECF No. 24 at 13.

The Court rejects Resideo's argument that because there are direct flights from Palo Alto to Minneapolis, the DMN is a more convenient forum than the WDTX. The Federal Circuit has previously held that when a witness must travel for a significant amount of time to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily in the determination of this factor. *In re Apple Inc.*, 979 F.3d at 1342. Because EcoFactor's witnesses "will have to leave home for an extended period of time and incur travel, lodging, and related costs" in either venue, the slight inconvenience of a layover to reach Waco from Palo Alto does not weigh in favor of transfer. *Id.*

The Court rejects EcoFactor's argument that Waco is a more convenient forum because its 30(b)(6) witnesses, ████████████████, are willing to travel to Waco. As this Court has previously held, "the Court will not weigh the convenience of a plaintiff's witnesses against transfer under this factor merely because the plaintiff attests that travel to this District would not represent an inconvenience upon witnesses with no apparent connection to this District*." XR Communications, LLC v. Google LLC*, No. 6:21-cv-00625-ADA, 2022 WL 3702271, at * 4 (W.D. Tex. Aug. 26, 2022). Even though EcoFactor's witnesses are willing to testify in Waco, Waco is not necessarily a more convenient forum for EcoFactor's witnesses. EcoFactor cannot push this factor to weigh against transfer simply because it chose this venue. EcoFactor's "choice of venue is already baked into the movant's burden." *Id.* Mr. Habib's and Mr. Okita's willingness to testify in Waco does not weigh in the analysis of this factor.

The Court also rejects EcoFactor's argument that Waco is a more convenient forum simply because it has filed other related cases in this Court. This factor considers the convenience and cost of the willing witnesses to attend trial. *In re Genentech, Inc.*, 566 F.3d at 1343. Because related patent cases in this Court are tried individually, EcoFactor's witnesses will have to travel to trial for each case in this Court. *See Standing Order Governing Proceedings (OGP) 4.2—Patent Cases*, at 3 n.3 (W.D. Tex. Waco Div. Sept. 16, 2022) (explaining that this Court "consolidates related cases for pretrial purposes"). The Court does not find that this venue is more convenient for EcoFactor's witnesses simply because they are familiar with travel to Waco from previous cases. The existence of related cases in this Court does not weigh in the analysis of this factor, although it is considered in the practical problems factor below.

The Court finds that the DMN and the WDTX are equally inconvenient venues for EcoFactor's willing witnesses.

6.  <u>Conclusion</u>

The Court finds this factor is neutral. While Resideo has identified three willing witnesses in the DMN and only one in the WDTX, the Court finds that there are likely additional software engineers and executive and management personnel in Resideo's Austin office that are relevant to this case. The Court finds that EcoFactor's willing witnesses and Resideo's international employees have no impact on the outcome of this factor.

ii.   ***The Relative Ease of Access to Sources of Proof***

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d at 1340 (citing *In re Genentech*, 566 F.3d at 1345).

According to Resideo, the DMN is a more convenient forum because its sources of proof are more easily accessible there. ECF No. 14 at 12. ██████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████ ECF No. 25 at 4. However, ██████████████████████████████ ██████████████████████████████████████████████████████████████ *Id.* ████████████████████████████████████████████████████████████████ ████████████████████████ ECF No. 14 at 12. Lastly, ██████████████████████ ██████████████████████████████████████████████████████ *Id.* at 13.

In response, EcoFactor argues that this factor weighs against transfer because Resideo has failed to show that its documents are more easily accessible in the DMN than in the WDTX. ECF No. 24 at 6. Furthermore, EcoFactor complains that Resideo fails to identify any relevant physical documents in its Golden Valley facility. *Id.* EcoFactor also argues that because ███████████ ████████████████████████████████████████████, it is equally accessible in the DMN and the WDTX. *Id.* at 7. EcoFactor further complains that Resideo failed to identify the location of its servers, which means the physical location of its electronically stored information is unknown. *Id.* Lastly, EcoFactor argues that Resideo improperly focuses on hardware documents for the accused product when the software was likely developed in Austin. *Id.*

The Court finds that there are likely documents related to the hardware of the accused products stored in Resideo's Golden Valley facility. Because the hardware of the accused product was likely developed, at least in part, in the Golden Valley facility, the Court concludes that there are likely engineering design plans and other technical documents in Minnesota despite Resideo's failure to identify any specific documents. However, the Court also finds that ████████████████ ██████████████████████████████████████████ *See supra* Section III(A)(i)(2). Furthermore, Resideo and EcoFactor agree ██████████████████████████████████████ ████████████████ ECF No. 14 at 12; ECF No. 24 at 11. And to the extent that Resideo's third-party mobile application developer, Mutual Mobile, may also have relevant documents, these documents are likely located in Austin. ECF No. 14 at 13. The Court finds that there are likely documents in Austin that are relevant to this case.

The Court rejects EcoFactor's argument that this factor should weigh against transfer because Resideo has failed to identify where its servers are located. The Court also rejects EcoFactor's argument that this factor should weigh against transfer because the relevant

electronically stored information is accessible in both the DMN and the WDTX. The Federal Circuit has held that it is an error not to consider under this factor "the location of document custodians and location where documents are created and maintained, which may bear on the ease of retrieval." *In re Google*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021). Additionally, the Federal Circuit has rejected the reasoning that this factor is neutral where the relevant evidence can be accessed electronically. *In re Apple Inc.*, No. 2022-128, 2022 WL 1196768, at * 4 (Fed. Cir. Apr. 22, 2022). Even though electronically stored information may be equally accessible in both districts and the location of Resideo's servers is unknown, the Court must still consider the location of the document custodians and where the documents are created and maintained when evaluating this factor. Because ███████████████████████████ ████████████████████████, Court finds that some document custodians are likely located in Golden Valley and some relevant documents were likely created and are likely maintained in Golden Valley. However, because ███████████████████████████ ████████████████ and executive and management personnel are located in Austin, the Court also finds that some document custodians are likely located in Austin and some relevant documents were likely created and are likely maintained in Austin.

Because relevant documents are likely located in both the DMN and the WDTX, the Court finds that this factor is neutral.

### iii.    *The Availability of Compulsory Process to Secure the Attendance of Witnesses*

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). Under this factor, the Court focuses on non-party witnesses

whose attendance may need to be secured by a court order." *Fintiv Inc.*, 2019 WL 4743678, at *14 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech*, 566 F.3d at 1345). The Federal Circuit has held that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018).

Resideo claims that this factor is neutral and does not explicitly identify any unwilling witnesses. ECF No. 14 at 20. However, as discussed above in the willing witness factor, Resideo did state that there may be relevant witness from Resideo's former third-party mobile application developer, Mutual Mobile. *Id.* at 15; ECF 14-1 at ¶ 8. The Court considers these potential witnesses under the compulsory witness factor because Resideo has failed to show that these third-party witnesses are willing to testify at trial. *See In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018) (explaining that third-party witnesses are presumed unwilling). EcoFactor also states that Resideo's interrogatory responses identify eleven utility companies with locations in Texas. ECF No. 24 at 9 n.3. EcoFactor argues that if any employees from these utility companies have relevant testimony, their presence in the state of Texas weighs against transfer. *Id.* Resideo did not respond to EcoFactor's arguments under the compulsory process factor in its reply brief. ECF No. 25.

The Court concludes that the compulsory process factor weighs against transfer. All potentially relevant third parties that have been identified are likely within the reach of this Court's subpoena power, including relevant witnesses from Mutual Mobile and relevant witnesses from the eleven utility companies located in Texas. The DMN's subpoena power likely does not reach

any of the identified compulsory witnesses. Furthermore, Resideo has not contested the relevancy of any of the third-party witnesses identified by EcoFactor. Thus, this factor weighs against transfer.

### iv.   *All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive*

When considering the private interest factors, courts must also consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). "[W]here there is a co-pending litigation before the trial court involving the same patent-in-suit, and pertaining to the same underlying technology and accusing similar services, [the Federal Circuit] cannot say the trial court clearly [abuses] its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 n.3 (Fed. Cir. 2010). However, the Federal Circuit has suggested that it is an error to determine that this factor strongly disfavors transfer based primarily on co-pending litigation with pending motions to transfer. *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017).

Resideo argues that this factor is neutral or slightly favors transfer because this case is in its early stages and it would not waste judicial resources to transfer the case to the DMN. ECF No. 14 at 16. Resideo also argues that, while there are co-pending cases in this District involving the same patents and similar technology, the co-pending cases should not weigh against transfer because these cases involve different defendants, accused products, and witnesses. *Id.* at 17 (citing *Micropairing Techs. LLC v. Toyota Motor Mfg. Tex.*, No. 6:20-cv-01001-ADA, 2021 WL 4526704 (W.D. Tex. Oct. 1, 2021)). Additionally, Resideo claims that this factor is neutral or slightly favors

transfer because EcoFactor has filed suit in other jurisdictions, including the Northern and Central

Districts of California and the District of Oregon, which Resideo argues shows that EcoFactor has

no particular tie to the WDTX. *Id.* (citing *Datascape, Ltd. v. Dell Techs., Inc.*, No. 6:19-cv-00129-

ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019)). In response, EcoFactor argues that this factor

weighs against transfer because judicial economy favors keeping this case with the other co-

pending cases involving the same patents or related technology. ECF No. 24 at 15.

First, the Court disagrees with Resideo's argument that simply because the case is in its

early stages, this factor does not weigh against transfer. Judicial economy favors keeping related

cases together in the same court. *NCS Multistage v. Nine Energy Serv., Inc.*, No. 6:20-cv-00277-

ADA, 2021 WL 1199623, at * 3 (W.D. Tex. Mar. 30, 2021). When related cases are within the

same court, one court is able to resolve similar issues in the co-pending cases together. And even

when different issues arise, such as issues specific to different defendants or different accused

products, a court's familiarity with the technology and the asserted patents can help resolve these

issues more expeditiously. Thus, the Court finds that the co-pending litigation in this District

weighs against transfer.

Second, the Court also disagrees with Resideo's argument that this factor is neutral or

weighs in favor of transfer because the co-pending cases in this District involve different

defendants and different accused products. The Federal Circuit has held that it is not an abuse of

discretion to keep related cases together even when the cases do not involve the same defendants

or the same accused products. *In re Vistaprint Ltd.*, 628 F.3d at 1346 n.3. To support its argument,

Resideo cites *MicroPairing Techs. LLC v. Toyota Motor Mfg. Tex., Inc.* However, in that case, this

Court found this factor weighed slightly *against* transfer even though the "cases involv[ed] the

same patents but different, defendants, products, and witnesses." *Micropairing Techs. LLC*, 2021

WL 4526704, at *5 (quoting *Parkervision, Inc. v. Intel Corp.*, No. 6:20-cv-00108-ADA, 2021 WL 401989, at *6 (W.D. Tex. Jan, 26, 2021)). In *MicroPairing*, there was only one other co-pending case in this District involving the asserted patents. *Id.* at *1. Here, EcoFactor has pending in this Court one case involving both of the asserted patents,[1] another case involving one of the asserted patents,[2] and six other cases involving related technology.[3] This Court is also familiar with the technology in the asserted patents from the trial in *EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-00075-ADA (W.D. Tex. Jan. 31, 2020). The Court found this factor weighed slightly against transfer in *MicroPairing*; the Court finds this factor weighs more than slightly against transfer here.

Lastly, the Court rejects Resideo's argument that because EcoFactor has filed suit in other jurisdictions, it has no particular tie to the WDTX. To support its argument, Resideo cites *Datascape, Ltd. v. Dell Techs., Inc.* However, in that case, there were only three other co-pending cases in the WDTX and over ten cases in other district courts and the International Trade Commission. *Datascape, Ltd.*, 2019 WL 4254069, at *3. While this Court in *Datascape* stated that there was "little if any risk of judicial waste or inefficiency associated with transfer," the circumstances of this case differ. *Id.* Here, EcoFactor has filed fifteen cases in the WDTX and only three in other districts. ECF No. 24 at 17; ECF No. 14 at 19−20. While the circumstances of *Datascape* may have not posed a risk of judicial waste, the circumstances here do.

Because of the co-pending litigation involving the same patents and related technology in this District, the Court finds this factor weighs against transfer. The Court notes that there is a

---

[1] *EcoFactor, Inc. v. Amazon.com, Inc.*, No. 6:22-cv-00068-ADA (W.D. Tex. Jan. 18, 2022).
[2] *EcoFactor, Inc. v. Ecobee, Inc.*, No. 6:21-cv-00428-ADA (W.D. Tex. Apr. 28, 2021).
[3] *EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-00075-ADA (W.D. Tex. Jan. 31, 2020); *EcoFactor, Inc. v. Ecobee, Inc.*, No. 6:20-cv-00079-ADA (W.D. Tex. Jan 31, 2020); *EcoFactor, Inc. v. Vivint, Inc.*, No. 6:20-cv-00080-ADA (W.D. Tex. Jan. 31, 2020); *EcoFactor, Inc. v. Google LLC*, No. 6:22-cv-00032-ADA (W.D. Tex. Jan. 10, 2022); *EcoFactor, Inc. v. Ecobee, Inc.*, No. 6:22-cv-00033-ADA (W.D. Tex. Jan. 10, 2022); *EcoFactor, Inc. v. Vivint, Inc.*, No. 6:22-cv-00034-ADA (W.D. Tex. Jan. 10, 2022).

pending motion for intra-district transfer in *EcoFactor, LLC v. Amazon.com, Inc.*, which is a case in this Court involving the same patents as those asserted here. *EcoFactor, LLC v. Amazon.com, Inc.*, No. 6:22-cv-00068-ADA (W.D. Tex. May 13, 2022), ECF No. 21. The Federal Circuit has suggested that when co-pending cases asserting related patents also have pending motions to transfer venue, the co-pending cases should be discounted in determining whether to transfer venue. *See In re Google, Inc.*, 2017 WL 977038, at *2. In line with Federal Circuit law, the Court discounts the impact of *EcoFactor, LLC v. Amazon.com, Inc.* on the analysis of this factor. However, the Court still concludes that this factor weighs against transfer based on all of the cases filed in this District and the Court's familiarity with the technology at issue.

## B.  The Public Interest Factors

### i.    *Administrative Difficulties Flowing from Court Congestion*

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 Fed. App'x 929, 932 (Fed. Cir. 2020). It considers the "[t]he speed with which a case can come to trial and be resolved." *In re Genentech, Inc.*, 566 F.3d at 1347. In this analysis, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.*

Resideo argues that this factor favors transfer to the DMN because judges in the DMN have fewer cases per year than in this Division of the WDTX. ECF No. 14 at 19−20. In response, EcoFactor argues that this factor weighs against transfer because the Waco Division of the WDTX brings cases to trial faster than the DMN. ECF No. 24 at 17. EcoFactor claims that the average time to trial in the DMN is 35.2 months, whereas the average time to trial in this Court is approximately 24 months. *Id.* In its reply, Resideo does not dispute EcoFactor's time-to-trial statistics for the DMN. ECF No. 25 at 8.

The Court concludes that this factor weighs against transfer. "[T]he speed with which a case can come to trial and be resolved" is a consideration under this factor. *In re Genentech, Inc.*, 566 F.3d 1338 at 1347. Despite this Court's large docket, it has proven to resolve cases expeditiously—this Court has consistently been able to bring patent cases to trial within two years after filing a complaint.[4] The Federal Circuit has emphasized the importance of rapid disposition of patent cases. *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989). It has even acknowledged Congress's interest in the "quick" resolution of patent disputes. *See, e.g.*, *Ethicon Endo-Surgery, Inc. v. Covidien LP*, 826 F.3d 1366, 1367 (Fed. Cir. 2016). The data available to the Court indicates that the WDTX would likely be able to resolve this dispute more quickly than the DMN.

The Court finds this factor weighs against transfer.

### ii. Local Interest in Having Localized Interests Decided at Home

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction."

---

[4] *See, e.g., MV3 Partners v. Roku, Inc.,* 6:18-cv-00308-ADA (W.D. Tex., filed Oct. 16, 2018) (23.7 months from case filing to trial); *CloudofChange, LLC, v. NCR Corp.*, No. 6:19-cv-00513-ADA (W.D. Tex., filed August 30, 2019) (20.3 months from case filing to trial); *VLSI Tech. LLC v. Intel Corp.*, No. 6:21-cv-00057-ADA (W.D. Tex., filed Apr. 11, 2019) (22.4 months from case filing to trial); *Freshub, Inc. v. Amazon.Com Inc.*, No. 6:21-cv-00511-ADA (W.D. Tex., filed Jun. 24, 2019) (23.7 months from case filing to trial); *ESW Holdings, Inc. v. Roku, Inc.*, No. 6:19-cv-00044-ADA (W.D. Tex., filed Feb. 8, 2019) (25.9 months from case filing to trial); *Profectus Tech. LLC v. Google LLC*, 6:20-cv-00101-ADA (W.D. Tex., filed Feb. 10, 2020) (19.6 months from case filing to trial); *Jiaxing Super Lighting v. CH Lighting Tech.*, 6:20-cv-00018-ADA (W.D. Tex., filed Jan. 10, 2020) (21.7 months from case filing to trial); *VideoShare LLC v. Google LLC*, 6:19-cv-663-ADA (W.D. Tex., filed Nov. 15, 2019) (23.8 months from case filing to trial); *NCS Multistage Inc. v. Nine Energy Serv.'s, Inc.*, No. 6:20-cv-00277-ADA (W.D. Tex., filed Mar. 24, 2020) (21.8 months from case filing to trial); *EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-00075-ADA (W.D. Tex., filed Jan. 31, 2020) (24 months from case filing to trial); *Densys Ltd. v. 3Shape Trio A/S*, 6:19-cv-00680-ADA (W.D. Tex., filed Nov. 26, 2019) (28.3 months from case filing to trial); *Appliance Computing III, Inc. v. Redfin Corp.*, No. 6:20-cv-00376-ADA (W.D. Tex., filed May 11, 2020) (24 months from case filing to trial); *Caddo Sys. Inc., v. Microchip Tech. Inc.*, No. 6:20-cv-00245-ADA (W.D. Tex., filed March 27, 2020) (26.5 months from case filing to trial); *SunStone Information Def., Inc. v. International Bus. Machines Corp.*, No. 6:20-cv-1033-ADA (W.D. Tex., filed Nov. 9, 2020) (21.0 months from case filing to trial); *NCS Multistage Inc. v. TCO Products Inc.*, No. 6:20-cv-00622-ADA (W.D. Tex., filed Sept. 9, 2020) (23.4 months from case filing to trial); *Ravgen, Inc. v. Lab. Corp. of Am. Holdings*, No. 6:20-cv-00969-ADA (W.D. Tex. filed Nov. 16, 2020) (23.1 months from case filing to trial).

*In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-CV-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit*.'" *In re Apple*, 979 F.3d at 1344 (emphasis in original) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence. *Id.* Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th at 1320 (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011)). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *Id.* at 1319.

Resideo claims that the DMN has a local interest in this case because its Golden Valley facility is located in the DMN and the resolution of this case impacts its employees in Minnesota. ECF No. 14 at 19. In response, EcoFactor argues that the WDTX has a local interest in this case because ██████████████████████████████████████████. ECF No. 24 at 18. Furthermore, EcoFactor argues that the WDTX has a local interest because Resideo formerly operated its headquarters out of this District and continues to have a place of business here. *Id.* at 19.

The Court finds that the DMN likely has a local interest in this suit. Resideo operates a facility out of the DMN and ████████████████████████████████████████████ ████. However, the Court also finds that the WDTX likely has a local interest in this suit. Resideo was formerly headquartered in this District and still maintains offices here. Furthermore, ████████████████████████████████████████████████████████████ ██████. *See supra* Section III(A)(i)(2).

Because both the DMN and the WDTX likely have a local interest in the outcome of this litigation, the Court finds this factor is neutral.

### iii.    *Familiarity of the Forum with the Law That will Govern the Case*

Resideo and EcoFactor agree that this factor is neutral; both forums are familiar with the law that will govern this case. ECF No. 14 at 20; ECF No. 24 at 19. The Court agrees.

### iv.    *Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

Resideo and EcoFactor agree that this factor is neutral—there are no potential conflicts here. ECF No. 14 at 20; ECF No. 24 at 19. The Court agrees.

## IV.    CONCLUSION

Having considered the private and public interest factors, the Court finds that five of the factors are neutral, three disfavor transfer, and none favor transfer to the DMN. A decision to uproot litigation and transfer is not the consequence of a simple math problem. Instead, a moving party must show that the transferee forum is a *clearly* more convenient forum. Here, the availability of the compulsory process for non-party witnesses, practical considerations, and court congestion weigh against transfer. None of the factors weigh in favor of transfer to the DMN. Resideo has failed to meet its burden of showing that the DMN is a clearly more convenient forum than the WDTX. The Court's conclusions for each factor are summarized in the following table:

| Factor | The Court's Finding |
|---|---|
| Relative ease of access to sources of proof | Neutral |
| Cost of attendance for willing witnesses | Neutral |
| Availability of compulsory process to secure the attendance of witnesses | Against transfer |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Against transfer |
| Administrative difficulties flowing from court congestion | Against transfer |
| Local interest | Neutral |
| Familiarity of the forum with law that will govern case | Neutral |
| Problems associated with conflict of law | Neutral |

**IT IS THEREFORE ORDERED** that Resideo's Motion to Transfer Venue to the District of Minnesota is **DENIED** (ECF No. 14). The Court reserves its decision on the alternative motion to transfer to the Austin Division of the Western District of Texas for a later time.

**SIGNED** this 10th day of October, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

24