IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ECOFACTOR, INC., | |
| *Plaintiff*, | Civil Action No. 6:22-cv-00069-ADA |
| v. | JURY TRIAL DEMANDED |
| RESIDEO TECHNOLOGIES, INC., | |
| *Defendant*. | |

## JOINT DISCOVERY DISPUTE ORDER

Defendant Resideo Technologies, Inc. ("Resideo") seeks an order compelling certain discovery from Plaintiff EcoFactor, Inc. ("EcoFactor"). The Court hereby resolves the following discovery dispute submitted to the Court by email on February 28, 2023.

## Issue No. 1 – Resideo's Interrogatory No. 25

***Resideo's Position:***

EcoFactor's responses are deficient. Resideo met its burden under *Arctic Cat* and articulated the licensee products that Resideo believes are unmarked patented articles subject to § 287 (under EcoFactor's apparent theory of infringement).[1,2] *See* Resideo's Second Supplemental

---

[1] **EcoFactor's Statement**: Resideo insisted that the parties' positions be included in this order, citing the OGP's requirement that the "joint proposed order to the Court's law clerk [] includes the parties' positions **from their dispute chart**." OGP at 5 (emphasis added). But Resideo substantively revised its position on Issue 1—after the discovery hearing—to add "(under EcoFactor's apparent theory of infringement)," which was not in the parties' dispute chart. Resideo has refused to submit its position statement as originally written, prompting this additional statement from EcoFactor.

[2] **Resideo's Statement:** Resideo included a non-substantive edit to the as-submitted discovery dispute chart for the benefit of parties unfamiliar with this case's issues who may review the Court's docket. In particular, Resideo added an explanatory parenthetical, and updated its citation to refer to Resideo's most recent supplemental discovery response.

Response to EcoFactor's Interrogatory No. 6 (March 6, 2023). Resideo's Interrogatory No. 25 requires (among other things) that EcoFactor "Identify and Describe in complete detail all of Your efforts to comply with the Marking requirements of 35 U.S.C. § 287 and identify any manner of Marking used . . . ." If EcoFactor has made no efforts, it should state as much. If EcoFactor has made efforts, then it should identify and describe them, along with an identification of all documents pertaining to those efforts.

Resideo's interrogatories are not overly burdensome. EcoFactor "is obligated to apply the law to facts to respond to discovery requests" and "pull together a verified answer by reviewing *all* sources of responsive information reasonably available." *See Innovation Scis. v. HTC*, Case No. 4:18-cv-476, Dkt. 150 at 1-4 (E.D. Tex. Sep. 29, 2020) (citations omitted) (ordering plaintiff to "establish it complied with 35 U.S.C. § 287" in response to an interrogatory similar to Resideo's Resideo's Interrogatory No. 25).

**Resideo's Relief Requested:**

Order that EcoFactor supplement its response to Resideo's Interrogatory No. 25 to either (1) state that EcoFactor has made "no efforts to comply with the Marking requirements of 35 U.S.C. § 287"; or (2) respond to the Interrogatory to identify and describe all "efforts to comply with the Marking requirements of 35 U.S.C. § 287," along with an identification of all documents pertaining to those efforts.

**EcoFactor's Position:**

EcoFactor has provided fulsome responses to Interrogatory Nos. 22 and 25. In its Requested Relief, Resideo is asking for an order compelling EcoFactor to provide information not called for by those interrogatories. In fact, Resideo itself seems to recognize this, as it has now propounded new Interrogatory No. 26 that actually seeks information covered by its Requested

Relief. But Resideo only served Interrogatory No. 26 on February 13, such that EcoFactor's response is not due until March 15. Resideo's motion is thus premature.

In its responses to Interrogatory Nos. 22 and 25, EcoFactor confirmed the following:

(1) that "EcoFactor has not marked its own products with the patent number of the Asserted Patent";

(2) that "EcoFactor will not contend in this action that its own products are covered by one or more claims of the Asserted Patent";

(3) that it "has no public or non-public information regarding the marking activities of its licensees";

(4) "that it will not contend in this action that any products of its licensees have been marked";

(5) "that it does not know at this time whether any such licensee products were subject to any [marking] requirement under 35 U.S.C. § 287"; and

(6) "that the Asserted Patent in this action was never asserted against any of EcoFactor's licensees in any litigation."

These are complete responses to the interrogatories posed, such that Resideo's motion is unnecessary and should be denied. Furthermore, Resideo's Requested Relief is inconsistent with *Arctic Cat*, as it seeks a response as to all licensee products whether identified by Resideo or not. Resideo bears an initial "burden of production" to "put the [plaintiff] on notice that he or his authorized licensees sold **specific** unmarked products which the alleged infringer believes practice the patent." *Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017) (emphasis added). The Federal Circuit imposed this burden to avoid the "large scale fishing expedition and gamesmanship" that could result from "unbounded" allegations of a failure

3

to mark. *Id.* at 1368. This inconsistency with *Arctic Cat* is another reason that Resideo's Requested Relief should not be granted.

***EcoFactor's Relief Requested:***

Resideo's motion is denied. EcoFactor will respond to Interrogatory No. 26 on March 15 (i.e., 30 days after it was served).

**Issue No. 2 – Resideo's Request For Production No. 38, 44, 45**

***Resideo's Position:***

EcoFactor's production is deficient. Given the breadth of EcoFactor's many prior litigation campaigns, Resideo reasonably requests production of certain confidential documents from those campaigns because they are relevant to EcoFactor's perceived bounds of its patent, credibility, the scope of available prior art and knowledge of a POSITA, non-infringing alternatives, damages, and secondary indicia of non-obviousness.

To reduce the disputes, EcoFactor invited Resideo to narrow its requests, and Resideo complied. Specifically, Resideo requests five categories of information: transcripts of testimony from EcoFactor fact witnesses; certain documents from ITC Investigation 337-TA-1185; certain documents from Case 6-21-cv-00428 (WDTX) ("the ecobee litigation"), documents relating to the testimony of Dr. David Kennedy; and claim charts sent to third parties.

After Resideo began the present discovery dispute process, EcoFactor requested third-party consent to produce certain materials. But that does not discharge EcoFactor's obligation to produce these materials that are indisputably within EcoFactor's custody and control. *See VideoLabs, Inc. v. Dell Technologies Inc.*, Case No. 6-21-cv-00456, Dkt. 99 at 1 (W.D. Tex. Dec. 22, 2022). Moreover, the parties have a second dispute because EcoFactor's email to each third party indicated that "EcoFactor maintains that Resideo's requests are objectionable and seek irrelevant information." Even if the third parties consent—which is not the operative standard in this Court—

4

EcoFactor still appears to resist production of the requested documents. Consequently, Resideo seeks the Court's intervention for an order compelling production.

The requested EcoFactor fact witness transcripts are relevant to credibility of EcoFactor's fact witnesses, Shayan Habib and Glen Okita. Based on initial disclosures, EcoFactor is expected to rely on these fact witnesses in this litigation. Resideo is entitled to evaluate whether Messrs. Habib and Okita previously provided consistent testimony, as well as whether any other EcoFactor witnesses offered contradictory testimony.

The requested documents from ITC Investigation 337-TA-1185 are relevant to Resideo's invalidity defenses. Publicly available information indicates that Dr. Auslander provided factual testimony in that Investigation, and that testimony may demonstrate lack of written description and/or enablement for some '890 patent claims. Resideo is entitled to Dr. Auslander's testimony, and any testimony relying on or related to the same. From this litigation, Resideo only seeks the CBI of EcoFactor itself. To the extent that any requested documents include third-party CBI, Resideo has agreed that EcoFactor can redact such information.

Resideo further requests certain documents from the ecobee litigation. There, EcoFactor asserted the same patent that it asserts here against Resideo.

Resideo further requests documents relating to Dr. David Kennedy, who was EcoFactor's damages expert in multiple prior litigations. Resideo has agreed to forego this discovery if EcoFactor agrees to not rely on Mr. Kennedy here, but EcoFactor has not done so.

Finally, Resideo requests all claim charts that have been sent to third parties regarding the '890 patent or patents in its family. Despite the obvious relevance of the documents, EcoFactor has only committed to produce "non-confidential claim charts that have been sent to third parties accused of infringing the '890 patent."

***Resideo's Relief Requested:***

Order that EcoFactor:

(1) Produce all EcoFactor fact witness deposition transcripts, EcoFactor fact witness trial and hearing transcripts in any prior patent infringement litigation campaigns against Google, Vivint and ecobee;

(2) Produce documents relating to the testimony of Dr. David Kennedy (including excerpts of non-public trial transcripts; reports and deposition transcripts; all briefing, orders, and hearing transcripts regarding motions to exclude the testimony of David Kennedy) in the cases against Google, Vivint and ecobee;

(3) Produce Dr. Auslander's witness statement (RX-1C), deposition transcripts, and reports or declarations from 337-TA-1185 (ITC), as well as the same (and any non-public hearing transcripts) for any other witnesses who relied on testimony or opinions supplied by Dr. Auslander (including the witness statement (CX-702C), deposition transcripts, and reports or declarations of Dr. Palmer);

(4) Produce EcoFactor's discovery responses relating to invalidity and invalidity contentions in 337-TA-1185 (ITC);

(5) Produce infringement contentions; invalidity contentions; and EcoFactor's discovery responses; reports, declarations, and deposition transcripts for EcoFactor witnesses (fact and expert); all briefing, orders, and hearing transcripts regarding sealed motions or responses/replies thereto (Dkts. 65-71, 73) in Case No. *EcoFactor, Inc. v. ecobee, Inc.*, 6-21-cv-00428 (WDTX); and

(6) Produce non-confidential *and* confidential claim charts that have been sent to third parties accused of infringing the '890 patent and any other patents in the

6

family.

***EcoFactor's Position:***

EcoFactor has produced well over 25,000 documents to Resideo, including its full document productions from all of its prior ITC and district court cases. Despite being many times larger than EcoFactor, Resideo has produced approximately 700 total documents, many of which are duplicates and/or prior art references unrelated to infringement or damages. EcoFactor has been forthcoming in discovery, and Resideo is simply fishing.

As to the ecobee -428 case documents (i.e., the only case targeted by Resideo's requests that even involves the 890 patent or any patent related thereto), EcoFactor informed Resideo that it cannot produce documents containing ecobee's confidential information. EcoFactor also suggested at least four times that Resideo contact ecobee to request access to these materials. Resideo refused. Predictably, when EcoFactor contacted ecobee (copying Resideo) to relay Resideo's requests, ecobee promptly refused to consent to EcoFactor producing these materials but invited Resideo's counsel to contact them directly. That is why EcoFactor suggested this in the first place. EcoFactor is not aware of Resideo ever having contacted ecobee or any other third party about its requests.

As to the Kennedy documents from cases not involving the '890 patent, EcoFactor contacted the third parties whose confidential information is implicated (copying Resideo). ecobee and Vivint promptly refused to consent to such disclosure, but again, both offered to discuss with Resideo directly. Google has not yet responded.

As to the 1185 ITC Investigation, the requested materials again are irrelevant, as the 890 patent was not asserted there, nor was the issue of damages even litigated. Certain requested documents (including Dr. Auslander's witness statement and expert report) contain third-party

confidential information. Without waiving its objections, EcoFactor offered Resideo a compromise that would provide all but the third-party confidential items. Resideo refused.

As to EcoFactor fact witness testimony, EcoFactor already produced to Resideo the only such transcripts from cases involving the '890 patent. Resideo claims that transcripts from other cases go to witness credibility, but the same could be said for all prior testimony of Resideo witnesses who have testified about any accused product in any litigation. EcoFactor has not issued such discovery requests but apparently could expect Resideo to comply with them if EcoFactor were ordered to produce its transcripts from all prior cases.

As to discovery responses, Resideo should not be permitted to circumvent this Court's written discovery limits by requesting responses from other cases where such limits did not apply and using them as though the responses were served here. When EcoFactor pointed out this issue, Resideo refused to agree that if EcoFactor produced its prior responses, then Resideo at least would not attempt to designate from them for use at trial.

***EcoFactor's Relief Requested:***

Resideo's motion is denied.

## **ORDERS**

After considering the parties' respective position statements submitted to the Court by email on February 28, 2023, and oral arguments during a hearing held on March 6, 2023, the Court orders the following:

Resideo's request to compel EcoFactor to provide a further response to Interrogatory No. 25 is GRANTED. Resideo's request to compel EcoFactor to produce certain documents in response to Resideo's Requests for Production Nos. 38, 44, and 45 is GRANTED IN PART and DENIED IN PART.

**Issue No. 1 – Resideo's Interrogatory No. 25:**

Within fourteen (14) days, EcoFactor is hereby ordered to supplement its response to Resideo's Interrogatory No. 25 to identify EcoFactor's efforts, if any, to comply with the marking requirements of 35 U.S.C. § 287. Alternatively, EcoFactor may supplement its response to Resideo's Interrogatory No. 25 to state that EcoFactor has made no efforts to comply with the Marking requirements of 35 U.S.C. § 287.

**Issue No. 2 – Resideo's Requests for Production Nos. 38, 44, 45:**

(1)     Regarding Resideo's request that EcoFactor "[p]roduce all EcoFactor fact witness deposition transcripts, EcoFactor fact witness trial and hearing transcripts in any prior patent infringement litigation campaigns against Google, Vivint and ecobee," the parties shall meet and confer to identify specific items that Resideo seeks. Should the parties reach agreement on documents to be produced but EcoFactor believes that such documents contain third-party confidential information, EcoFactor shall notify such third party that the documents will be produced within fourteen (14) calendar days absent a motion to prevent such disclosure filed with the Court during that 14-day period. To the extent the parties cannot reach agreement, Resideo may re-raise this dispute with the Court.

(2)     Regarding Resideo's request that EcoFactor "[p]roduce documents relating to the testimony of Dr. David Kennedy (including excerpts of non-public trial transcripts; reports and deposition transcripts; all briefing, orders, and hearing transcripts regarding motions to exclude the testimony of David Kennedy) in the cases against Google, Vivint and ecobee," the parties shall meet and confer to identify specific items that Resideo seeks. Should the parties reach agreement on documents to be produced but EcoFactor believes that such documents contain third-party confidential information, EcoFactor shall notify such third party that the documents will be produced within fourteen (14) calendar days absent a motion to prevent such disclosure filed with

the Court during that 14-day period. To the extent the parties cannot reach agreement, Resideo may re-raise this dispute with the Court.

(3) Resideo's request that EcoFactor "[p]roduce Dr. Auslander's witness statement (RX-1C), deposition transcripts, and reports or declarations from 337-TA-1185 (ITC), as well as the same (and any non-public hearing transcripts) for any other witnesses who relied on testimony or opinions supplied by Dr. Auslander (including the witness statement (CX-702C), deposition transcripts, and reports or declarations of Dr. Palmer)" is DENIED.

(4) Resideo's request that EcoFactor "[p]roduce EcoFactor's discovery responses relating to invalidity and invalidity contentions in 337-TA-1185 (ITC)" is DENIED.

(5) Regarding Resideo's request that EcoFactor "[p]roduce infringement contentions; invalidity contentions; and EcoFactor's discovery responses; reports, declarations, and deposition transcripts for EcoFactor witnesses (fact and expert); all briefing, orders, and hearing transcripts regarding sealed motions or responses/replies thereto (Dkts. 65-71, 73) in Case No. *EcoFactor, Inc. v. ecobee, Inc.*, 6-21-cv-00428 (WDTX)," the parties shall meet and confer to identify specific items that Resideo seeks. Should the parties reach agreement on documents to be produced but EcoFactor believes that such documents contain third-party confidential information, EcoFactor shall notify such third party that the document will be produced within fourteen (14) calendar days absent a motion to prevent such disclosure filed with the Court during that 14-day period. To the extent the parties cannot reach agreement, Resideo may re-raise this dispute with the Court.

(6) Regarding Resideo's request that EcoFactor "[p]roduce non-confidential *and* confidential claim charts that have been sent to third parties accused of infringing the '890 patent and any other patents in the family," EcoFactor represented to the Court that outside of litigation, EcoFactor has not sent any claim charts accusing any third parties of infringing the '890 patent or

10

any other patents in the family. EcoFactor shall produce non-confidential and confidential claim charts from litigations with third parties accused of infringing the '890 patent or any other patents in the family. To the extent EcoFactor believes a requested document contains third-party confidential information, EcoFactor shall notify such third party that the document will be produced within fourteen (14) calendar days absent a motion to prevent such disclosure filed with the Court during that 14-day period.

**SIGNED** this 15th day of March, 2023.

                                                Derek T. Gilliland
                                              United States Magistrate Judge

any other patents in the family. EcoFactor shall produce non-confidential and confidential claim charts from litigations with third parties accused of infringing the '890 patent or any other patents in the family. To the extent EcoFactor believes a requested document contains third-party confidential information, EcoFactor shall notify such third party that the document will be produced within fourteen (14) calendar days absent a motion to prevent such disclosure filed with the Court during that 14-day period.

**SIGNED** this 15th day of March, 2023.

Derek T. Gilliland
United States Magistrate Judge