IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ECOFACTOR, INC., *Plaintiff,* v. RESIDEO TECHNOLOGIES, INC., *Defendant.* | C.A. No. 6:22-cv-00069-ADA |

**NON-PARTY VIVINT, INC.'S MOTION FOR ORDER OF
PROTECTION AND MEMORANDUM IN SUPPORT**

Non-party Vivint, Inc. ("Vivint") files this Motion to obtain relief from the Court's order arising from a joint discovery dispute, which ordered Plaintiff EcoFactor, Inc. ("EcoFactor") to produce a number of documents that contain Vivint's confidential information to Defendant Resideo Technologies, Inc. ("Resideo"). Joint Discovery Dispute Oder, Dkt. No. 63 (March 15, 2023) (the "Order"). Vivint seeks the Court's protection because Vivint's confidential information, which are protected from disclosure by protective orders entered in Vivint's the previous ITC and district court cases again EcoFactor, should not be produced to Resideo, a competitor of Vivint. Nor is there any showing that Vivint's confidential information is in any way relevant to Resideo's case here. Vivint therefore respectfully submits that the Court should limit EcoFactor's production to only those documents that do not contain Vivint's confidential information. To the extent the Court orders EcoFactor to produce Vivint's confidential documents, Vivint requests that it be permitted to review and redact such confidential information, and that Resido be ordered pay fees and costs of such redaction.

## I.     FACTUAL BACKGROUND

EcoFactor filed a complaint against Vivint on January 10, 2022, alleging direct, indirect, and willful infringement of two EcoFactor patents: U.S. Patent Nos. 8,423,322 (the "'322 Patent) and 8,131,497 (the "'497 Patent"). EcoFactor filed a complaint against Resideo on January 31, 2023, alleging the direct, indirect, and willful infringement of two other EcoFactor patents: U.S. Patent Nos. 7,848,900 ("'900 Patent") and 9,057,649 ("'649 Patent") (collectively the "Asserted Patents" The EcoFactor patents asserted against Vivint and Resideo pertain to smart home energy management services.

On February 28, 2023, Resideo and Vivint submitted an email outlining their discovery dispute to the Court in this case. *See* Order at 1. In that discovery dispute, Resideo sought an

order compelling EcoFactor to produce a variety of documents from previous cases where EcoFactor had pursued patent claims. *See id.* at 4-8. The Court granted Resideo's requests for production and ordered that EcoFactor produce documents that contain Vivint confidential information, including "all EcoFactor fact witness deposition transcripts, EcoFactor fact witness trial and hearing transcripts in any prior patent infringement litigation campaigns against Google, Vivint and ecobee" and "documents relating to the testimony of Dr. David Kennedy (including excerpts of non-public trial transcripts; reports and deposition transcripts; all briefing, orders, and hearing transcripts regarding motions to exclude the testimony of David Kennedy) in the cases against Google, Vivint and ecobee." *Id.* at 9. EcoFactor then notified Vivint that documents containing Vivint's confidential information would be produced to Resideo on April 10, 2023, absent Vivint moving the Court for protection.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) governs the scope and limits of discovery. Rule 26(b)(1) states that parties may obtain discovery of any relevant matter, not privileged, "if the information sought appears reasonably calculated to lead to the discovery of admissible evidence," but discovery requests must be "relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1) (emphasis added). The party seeking discovery must first "establish the threshold burden of relevancy." *Leath v. Tracer Constr. Co.*, No. 1:08-CV-358, 2009 U.S. Dist. LEXIS 147937, at *9 (E.D. Tex. Apr. 8, 2009) (Giblin, J.). "Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990) (emphasis in original) (citing FED. R. CIV. P. 26(b)(1)); *American Standard,*

*Inc. v. Pfizer Inc.*, 828 F.2d 734,739-42 (Fed. Cir. 1987)). When evaluating the discovery burden on a non-party, the Federal Circuit has stated that "the district court must balance the relevance of the discovery sought, the requesting party's need, and the-potential hardship to the party" subject to the discovery. *Truswal Systems Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1207, 1210 (Fed.Cir. 1987) (internal quotations omitted).

### III.   ARGUMENT

**A.   EcoFactor should not be permitted to produce Vivint's confidential information to Resideo.**

The documents that Resideo seeks contain Vivint's confidential information, and Resideo has refused to agree that Vivint's confidential information need not produced under the Order. Vivint's confidential information is protected by a protective order previously entered by this Court. *See* Protective Order, *EcoFactor, Inc., v. Vivint, Inc.*, C.A. No. 6:22-cv-00034-ADA, Dkt. No. 58 (W.D. Tex. Feb. 3, 2023). In fact, that protective order explicitly forbids the kind of information-sharing Resideo seeks in this case:

> To the extent that Defendant provides Protected Material under the terms of this Order to Plaintiff, ***Plaintiff shall not share that material with other Defendants in other litigation, absent express written permission from the producing Defendant***, excepting instances where there is a reasonable belief that such other Defendant previously possessed or had access to such information in the ordinary course of business. ***This Order does not confer any right to any one Defendant to access the Protected Material of any other Defendant***. . . . Notwithstanding the provisions of this Order, ***Plaintiff shall not disclose Defendant's Protected Material to any other Defendant or Defendants through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means***, without the express prior written consent of Defendant, excepting instances where there is a reasonable belief that such other Defendant previously possessed or had access to such information.

*Id.* at 4. The Court's protective orders are designed to protect litigants' confidential information from use outside the case in which the information is produced, and should be construed in favor of protecting Vivint's confidential information from prying eyes in other cases. Vivint and

Resideo are competitors in the field of smart home devices and services. The production of Vivint's confidential information to Resideo would severely prejudice Vivint, by giving a competitor a behind-the-scenes peek at Vivint's confidential information. There is no justification for such a production, particularly in light of the lack of relevance of Vivint's confidential information to the case against Resideo.

Besides the obvious prejudice inherent in Resideo seeking access to Vivint's confidential information, nothing about Vivint's confidential technical or financial information is relevant to Resideo and its case. As noted above, EcoFactor has asserted different patents against Vivint and Resideo. Any information EcoFactor that might produce under the Order would therefore be irrelevant to Resideo's claims and defenses. Resideo is at best a freeloader that wants to piggy-back on Vivint's defense work; in the worst case, Resideo is a competitor seeking a backdoor to Vivint's confidential information for no legitimate purpose.

Vivint has not had the opportunity to review the documents that EcoFactor believes it may need to produce and is, for that additional reason, unable to consent to the production of the documents. Vivint might be amenable to EcoFactor producing documents to Resideo, if Vivint is given the opportunity to review the documents and confirm that all of its confidential information has been properly redacted.

## IV.   CONCLUSION

For the foregoing reasons, Vivint respectfully submits that the Court should issue a protective order preventing EcoFactor from producing Vivint's confidential information. Vivint further requests that it be permitted to review Ecofactor's proposed redactions to remove Vivint's confidential information from any documents that EcoFactor produces, and that Resideo be ordered to pay Non-Party Vivint's fees and costs.

|  |  |
|---|---|
| Dated: April 10, 2023 | Respectfully submitted,<br><br>By: */s/ Fred I. Williams*<br>Fred I. Williams (Lead Attorney)<br>Texas State Bar No. 00794855<br>Robert Rhodes<br>Texas State Bar No. 24116958<br>WILLIAMS SIMONS & LANDIS PLLC<br>The Littlefield Building<br>601 Congress Ave., Suite 600<br>Austin, TX 78701<br>Tel: 512-543-1354<br>fwilliams@wsltrial.com<br>rrhodes@wsltrial.com<br><br>*Attorneys for Non-Party Movant Vivint, Inc.* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 10, 2023 the undersigned caused a copy of the foregoing document to be served on all counsel of record via the Court's CM/ECF Systems, pursuant to the Federal Rules of Civil Procedure.

*/s/ Fred I. Williams*
Fred I. Williams


**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Non-Party Vivint, Inc.'s discussed the issues presented in this motion with counsel for Defendant Resideo Technologies, Inc. on March 28, 2023, and April 3, 2023.  Resideo Technologies, Inc. has not agreed to adequate protections of Vivint, Inc.'s confidential information.  As such, Vivint Inc. is submitting this motion for the Court's consideration.

*/s/ Fred I. Williams*
Fred I. Williams