# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ECOFACTOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> RESIDEO TECHNOLOGIES, INC., <br><br> Defendant. | Case No. 6:22-cv-00069-ADA <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF ECOFACTOR, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY BASED ON ANTICIPATION OR OBVIOUSNESS IN LIGHT OF *SOTERA* STIPULATION**

# **TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. STATEMENT OF UNDISPUTED MATERIAL FACTS ............................................. 2

III. LEGAL STANDARD ....................................................................................................... 4

IV. ARGUMENT ..................................................................................................................... 6

    A. All Seven Prior Art Publications Relied Upon by Dr. Paradiso Reasonably Could Have Been Raised in Resideo's IPR Petition ....................... 6

    B. The MIT System Is Subject to Resideo's *Sotera* Stipulation Because It Is Fully and Completely Described by the Thesis and Article ............................... 7

        1. The Thesis and Article Fully and Completely Describe the MIT System and Reasonably Could Have Been Raised in IPR .................................... 7

        2. The MIT System Facts Readily Meet the Standards Articulated by This Court and Others for Prohibiting the Use of System Prior Art ................................................................................................................ 9

    C. The VisionPRO System Is Subject to Resideo's *Sotera* Stipulation Because It Is Fully and Completely Described by the VisionPRO 8000 Manual ................................................................................................................ 13

        1. The VisionPRO 8000 Manual Fully and Completely Describes the VisionPRO System and Reasonably Could Have Been Raised in IPR ........................................................................................................... 13

        2. The VisionPRO System Facts Readily Meet the Standards Articulated by This Court and Others for Prohibiting the Use of System Prior Art ................................................................................... 14

    D. Because Resideo's *Sotera* Stipulation Encompasses All References Relied Upon by Dr. Paradiso, Summary Judgment of No Anticipation and No Obviousness Is Warranted..................................................................... 15

V. CONCLUSION ............................................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ................................................................................................................ 5

*Boston Sci. Corp. v. Cook Grp. Inc.*,
    No. 1:17-cv-03448-JRS-MJD, 2023 WL 1452172 (S.D. Ind. Jan. 31, 2023) .............. 12, 14, 15

*Cal. Inst. of Tech. v. Broadcom Ltd.*,
    No. CV 16-3714 GW (AGRX), 2019 U.S. Dist. LEXIS 141103 (C.D. Cal. Aug. 9, 2019) .... 12

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ................................................................................................................ 4

*Certain Robotic Floor Cleaning Devices and Components Thereof*,
    ITC Inv. No. 337-TA-1252, Public Init. Det. (U.S.I.T.C. Oct. 7, 2022) ............................ 10, 15

*Clearlamp, LLC v. LKQ Corp.*,
    No. 12 C 2533, 2016 WL 4734389 (N.D. Ill. Mar. 18, 2016) ................................................ 13

*Hafeman v. LG Elecs., Inc.*,
    No. 6:21-cv-00696-ADA, 2023 WL 4362863 (W.D. Tex. Apr. 14, 2023) ...................... 6, 9, 14

*Medline Indus. Inc. v. C.R. Bard, Inc.*,
    No. 17 C 7216, 2020 WL 5512132 (N.D. Ill. Sept. 14, 2020) ................................................ 10

*Milwaukee Elec. Tool Corp. v. Snap-On Inc.*,
    271 F. Supp. 3d 990 (E.D. Wis. 2017) .............................................................................. 12, 15

*Parallel Networks Licensing, LLC v. Int'l Bus. Machs. Corp.*,
    No. CV 13-2072 (KAJ), 2017 WL 1045912 (D. Del. Feb. 22, 2017) ...................................... 5

*Ragas v. Tenn. Gas Pipeline Co.*,
    136 F.3d 455 (5th Cir. 1998) ................................................................................................... 4

*SiOnyx, LLC v. Hamamatsu Photonics, K.K.*,
    330 F. Supp. 3d 574 (D. Mass. 2018) .................................................................................... 11

*Trustees of Columbia Univ. in the City of New York v. Symantec Corp.*,
    No. 3:13CV808, 2019 WL 2814682 (E.D. Va. July 2, 2019) .................................................. 5

*Wasica Fin. GmbH v. Schrader Int'l, Inc.*,
    432 F. Supp. 3d 448 (D. Del. 2020) ................................................................................ passim

**Statutes**

35 U.S.C. § 315(e)(2) ...................................................................................................... 3, 5, 9, 14

**Rules**

Fed. R. Civ. P. 56(a) ....................................................................................................................... 4
Fed. R. Civ. P. 56(c)(1)(A) ............................................................................................................. 5

**I.      INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 56 Plaintiff EcoFactor, Inc. ("EcoFactor") respectfully moves for partial summary judgment of no invalidity based on anticipation or obviousness. EcoFactor accuses Defendant Resideo Technologies, Inc. ("Resideo") of infringing certain claims of U.S. Patent No. 10,584,890 (Ex. A, "'890 patent"), and Resideo contends that the asserted claims are anticipated by or rendered obvious by certain alleged prior art. Critically, though, Resideo chose to pursue its invalidity arguments in an *inter partes* review ("IPR") proceeding and, to support institution of that proceeding, voluntarily provided a *Sotera* stipulation promising not to pursue here any alleged invalidity grounds that reasonably could have been raised in its IPR petition. Every one of the prior art grounds that Resideo is asserting in this action reasonably could have been raised in the IPR petition, such that if the IPR is instituted, all of Resideo's anticipation and obviousness arguments here will be barred by Resideo's stipulation.

Resideo will argue that its invalidity grounds here are not subject to the stipulation because they each include one of two alleged prior art systems. But the simple fact is that both of these systems (the "MIT System" and the "VisionPro System") were fully described in printed publications that reasonably could have been raised in Resideo's IPR petition. For example, Resideo acknowledges that publications referred to herein as the "Thesis" and the "Article" fully and completely describe the MIT System (indeed, Resideo's expert asserts that the MIT Thesis alone itself anticipates the asserted claims). Both publications are also cited on the face of the '890 patent and thus were already considered by the Patent Office during original prosecution. The remaining system prior art (VisionPRO System) is Resideo's own product that is fully described in the public manual that Resideo's invalidity expert relies upon for every alleged teaching of the VisionPRO System.

Resideo cannot have it both ways. Resideo chose to pursue an IPR petition and clearly could have relied upon the printed publications describing the MIT System and VisionPRO System to argue invalidity. Resideo cannot circumvent its *Sotera* stipulation merely by tacking on alleged system prior art that does not disclose anything beyond what the known publications themselves teach. Accordingly, partial summary judgment of no anticipation and no obviousness should be granted in EcoFactor's favor if Resideo's IPR petition is instituted.[1]

## II.   STATEMENT OF UNDISPUTED MATERIAL FACTS

On December 9, 2022, Resideo served its Final Invalidity Contentions, which included all nine of the alleged prior art references implicated by this motion, namely:

- M. Gupta, "A Persuasive GPS-Controlled Thermostat System," Massachusetts Institute of Technology, thesis (2009) (Ex. B, "Gupta Thesis") *[which Resideo now refers to as the "Thesis"]*

- Thermostat system as disclosed in Gupta Thesis, Gupta Article, and Gupta Slides ("Gupta System") *[which Resideo now refers to as the "MIT System"]*

- Honeywell VisionPRO™ 8000 Thermostat ("VisionPRO 8000") *[which Resideo now refers to as the "VisionPRO System"]*

- U.S. Patent No. 8,350,697 ("Trundle")

- U.S. Patent No. 6,196,468 ("Young")

- U.S. Publication No. 2009/0140056 ("Leen")

- U.S. Patent No. 6,216,956 ("Ehlers '956") *[which Resideo now refers to as "Ehlers"]*

---

[1] Any argument that Resideo raises about ripeness should be disregarded. The PTAB will decide whether to institute IPR based on Resideo's petition on or before August 8, 2023. If institution is denied, EcoFactor will promptly notify this Court and withdraw this motion as moot—a full month in advance of the September 8, 2023 pretrial conference. If the IPR is instituted, then Resideo's *Sotera* stipulation will immediately bar Resideo from asserting here any invalidity grounds that reasonably could have been raised in the IPR—again a full month before the pretrial conference. Thus, there can be no ripeness concern with respect to this motion. In a meet-and-confer between the parties regarding this motion, Resideo was unable to identify at this stage which, if any, of its invalidity arguments would be voluntarily withdrawn if Resideo's IPR petition is instituted.

- U.S. Patent No. 5,197,666 ("Wedekind")

- U.S. Patent No. 8,457,797 ("Imes '797") *[which Resideo now refers to as "Imes"]*

*See* Ex. C (Resideo Final Contentions) at 9, 10, 11, 12, 14, 15.

On December 23, 2022, Resideo filed its IPR petition challenging the validity of the '890 patent. In the petition, Resideo included a *Sotera* stipulation mirroring the "raised or reasonably could have raised" language of the IPR estoppel statute, 35 U.S.C. § 315(e)(2):

> In addition, Petitioner stipulates that, if this IPR proceeding is instituted, Petitioner **will not pursue in the co-pending district court litigation the grounds raised in this Petition or any grounds that could have reasonably been raised in this Petition**. *See Sotera Wireless, Inc. v. Masimo Corp.*, IPR2020-01019, Paper 12 (PTAB Dec. 1, 2020) (precedential). … At least **because of the *Sotera* stipulation** and the compelling grounds put forth herein, **IPR should not be denied** under *Fintiv*.

Ex. D (IPR Petition) at 80-81[2] (footnote removed[3]). In its IPR petition, Resideo presented the following four grounds of alleged invalidity (*see id.* at 2):

- 1A: Claims 1-8 are unpatentable under 35 U.S.C. §103 over Leen, Trundle, and Ehlers

- 1B: Claims 9-17 are unpatentable under 35 U.S.C. §103 over Leen, Trundle, Ehlers, and Wedekind

- 2A: Claims 1-8 are unpatentable under 35 U.S.C. §103 over Imes, Young, and Ehlers

- 2B: Claims 9-17 are unpatentable under 35 U.S.C. §103 over Imes, Young, Wedekind, and Ehlers

On May 12, 2023, Resideo served in this action the invalidity expert report of Dr. Joseph Paradiso, which presents the following six grounds for invalidity based on prior art:

---

[2] All emphasis in quoted material has been added unless otherwise noted.

[3] In a footnote, Resideo reserved the right to pursue invalidity here based on prior art systems. *See id.* at 81 n.13. Of course, Resideo could have argued invalidity here based on prior art systems that were not fully described in printed publications that Resideo could have presented in its IPR petition, but Resideo cannot circumvent the "could have reasonably been raised" language of its stipulation merely by cloaking a printed publication invalidity theory under the guise of a system prior art theory—which is exactly what Resideo seeks to do here.

3

| Grounds | Grounds for Invalidity | Statutory Basis |
|---|---|---|
| 1 | The MIT System anticipates claims 1-3, 5-6, and 9-17. | 35 U.S.C. § 102 |
| 2 | The MIT System, the Thesis, Trundle, and Young render obvious claims 1-6 and 9-17. | 35 U.S.C. § 103 |
| 3A | VisionPRO System, Leen, Trundle, and Ehlers render obvious claims 1-6. | 35 U.S.C. § 103 |
| 3B | VisionPRO System, Leen, Tundle, Ehlers, and Wedekind render obvious claims 9-17. | 35 U.S.C. § 103 |
| 4A | VisionPRO System, Ehlers, Imes, and Young render obvious claims 1-6. | 35 U.S.C. § 103 |
| 4B | VisioPRO System, Ehlers, Imes, Young, and Wedekind render obvious claims 9-17. | 35 U.S.C. § 103 |

Ex. E (Paradiso Rpt.) at 2. Dr. Paradiso's grounds 3A and 3B mirror grounds 1A and 1B in the IPR petition, except that Dr. Paradiso tacks on the VisionPRO System. Similarly, Dr. Paradiso's grounds 4A and 4B mirror grounds 2A and 2B in the IPR petition, except that Dr. Paradiso again tacks on the VisionPRO System.

The face of the '890 patent lists four of the nine references relied upon by Dr. Paradiso and implicated by this motion, namely the Thesis, Ehlers, Imes, and Trundle (as U.S. App. Pub. No. 2010/0289643). *See* '890 patent at 2, 3, 4. And while the face of the '890 patent does not list the MIT System as such, it cites the Thesis that Resideo admits fully describes the MIT System, as well as the Gupta Article[4] that also describes the MIT System. *See id.* at 4.

III. **LEGAL STANDARD**

A motion for summary judgment shall be granted when the record demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "Only disputes over facts that might

---

[4] Gupta, et al., Adding GPS-Control to Traditional Thermostats: An [E]xploration of Potential Energy Savings and Design Challenges, House_n, Massachusetts Institute of Technology, pp. 95-114, 2009, attached hereto as Ex. F. Dr. Paradiso refers to this publication as "the Article."

affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the moving party establishes a *prima facie* case, the burden shifts to the nonmoving party to set forth specific facts by "citing to particular parts of materials in the record" showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(1)(A); *see also Anderson*, 477 U.S. at 250.

An IPR petition is not permitted to rely upon system prior art, but that does not mean that an accused infringer cannot merely point to a prior art system as part of an invalidity ground in litigation to circumvent IPR estoppel or a *Sotera* stipulation that (like Resideo's) mirrors the language of the IPR estoppel statute. As detailed below, numerous courts—including this one—have recognized that invalidity arguments based on system prior art may still be barred if publications sufficiently describing the prior art system reasonably could have been raised in the IPR petition.

The issue of whether a party is estopped from raising an invalidity ground is a question of law. *See Parallel Networks Licensing, LLC v. Int'l Bus. Machs. Corp.*, No. CV 13-2072 (KAJ), 2017 WL 1045912, at *10 n.13 (D. Del. Feb. 22, 2017). Courts may apply IPR estoppel at the summary judgment stage and, in doing so, may consider the accused infringer's invalidity contentions and invalidity expert reports to determine whether the arguments therein are subject to IPR estoppel. *E.g.*, *id.* at *11-12 (granting summary judgment applying IPR estoppel to bar prior art references identified in invalidity contentions and invalidity expert's report); *Trustees of Columbia Univ. in the City of New York v. Symantec Corp.*, No. 3:13CV808, 2019 WL 2814682, at *9 (E.D. Va. July 2, 2019) (hereinafter "*Columbia*") (granting summary judgment on IPR estoppel and "conclud[ing] that the plain language of 35 U.S.C. § 315(e)(2) unambiguously estops [Defendant] from asserting as grounds of invalidity those dozens of additional grounds presented

in its invalidity contentions which [Defendant] chose not to raise in its petitions for *inter partes* review"). For the same reasons, a court may bar an invalidity challenge at the summary judgment stage based on a *Sotera* stipulation that mirrors the language of the IPR estoppel statute, 35 U.S.C. § 315(e)(2). *See, e.g.*, *Hafeman v. LG Elecs., Inc.*, No. 6:21-cv-00696-ADA, 2023 WL 4362863 at *1-2 (W.D. Tex. Apr. 14, 2023) (barring defendant at summary judgment stage from raising invalidity arguments implicated by *Sotera* stipulation made in IPR).

### IV. ARGUMENT

#### A. All Seven Prior Art Publications Relied Upon by Dr. Paradiso Reasonably Could Have Been Raised in Resideo's IPR Petition

There can be no dispute that all seven of the prior art publications relied upon by Dr. Paradiso for his invalidity grounds reasonably could have been raised in Resideo's IPR petition. This Court need not delve into the details of what a skilled searcher would have discovered in searching for prior art because Resideo itself found all seven publication references before filing its IPR petition—and Resideo actually relied upon six of the seven in its petition.

Resideo's 12/9/2022 Final Invalidity Contentions identified as prior art all seven publications relied upon in Dr. Paradiso's invalidity report: the Thesis, Trundle, Young, Leen, Ehlers, Wedekind, and Imes. *See* Ex. C (Resideo Final Contentions) at 9, 10, 11, 12. Resideo's 12/23/2022 IPR petition was based entirely upon six of the seven publications (all but the Thesis). Ex. D (IPR Petition) at 2. These facts show conclusively that Resideo reasonably could have raised all seven publications as prior art in its IPR petition—and, in fact, did argue invalidity based upon six of the seven publications. And while the seventh publication (the Thesis) was obviously known to Resideo prior to its IPR petition (and included in its pre-petition contentions), it also bears noting that the Thesis—as well as Ehlers, Imes, and Trundle—is listed on the face of the '890 patent. *See* '890 patent at 2, 3, 4. All seven publications clearly are subject to the *Sotera* stipulation.

### B. The MIT System Is Subject to Resideo's *Sotera* Stipulation Because It Is Fully and Completely Described by the Thesis and Article

By virtue of the Thesis and Article, the MIT System is subject to the *Sotera* stipulation. Although system prior art in itself cannot be raised in an IPR petition, printed publications describing a prior art system certainly can be. *See Wasica Fin. GmbH v. Schrader Int'l, Inc.*, 432 F. Supp. 3d 448, 453 (D. Del. 2020) ("patents or printed publications that relate to and describe a physical product can, like other patents and printed publications, be raised in an IPR"). In the case of the MIT System, the Thesis and the Article are printed publications that fully and completely describe the MIT System. And it is undisputed that the Thesis and Article were known to Resideo prior to filing its IPR petition, as they were relied upon in Resideo's pre-petition invalidity contentions and, in fact, are also cited on the face of the '890 patent. Thus, Resideo's MIT System arguments here could have just as easily been presented to the PTAB by relying upon the Thesis and Article in the IPR petition. Resideo chose not to do so and is stuck with that choice—Resideo cannot end run the *Sotera* stipulation it made to secure institution of the requested IPR.

#### 1. The Thesis and Article Fully and Completely Describe the MIT System and Reasonably Could Have Been Raised in IPR

The MIT Thesis and Article are listed on the face of the '890 patent and were included in Resideo's pre-petition invalidity contentions. Thus, there can be no dispute that those publications reasonably could have been raised in Resideo's IPR petition.

Moreover, Resideo itself acknowledges that the Thesis and Article fully and completely describe the MIT System. The Thesis and Article were authored by an MIT graduate student named Manu Gupta, who was supervised in his research by MIT Professor Kent Larson.[5] *See* Ex. B

---

[5] As explained in EcoFactor's co-pending Motion to Exclude Expert Opinions of Resideo's Technical Expert Kent Larson, Resideo hired Mr. Larson in this action to submit an expert report regarding the MIT System, which makes clear that Mr. Larson did not perform any actual

(Thesis) at RESIDEO-0002019; Ex. F (Article) at RESIDEO-0025319. Mr. Larson admitted at his deposition that "the article and the thesis provide a **full-and-complete description** of that MIT system" and that he is "not aware of any other documents that describe the MIT system" that the Gupta/Larson team prepared. Ex. G (Larson Tr.) at 139:17-24; *see also id.* at 27:24-28:21 (confirming he is "not aware of any other documents that would relate to the MIT system").[6] In other words, even the person Resideo relies upon as having personal knowledge of the MIT System, acknowledges that there is nothing relevant about the physical MIT System that is not fully described in the publications that were known to Resideo prior to filing its IPR petition and thus reasonably could have been raised there.

This alone shows conclusively that the MIT System is subject to Resideo's *Sotera* stipulation, but it is far from the only evidence of this. As another example, Dr. Paradiso testified at deposition that "the MIT **thesis by itself anticipates**" every asserted claim. *See* Ex. H (Paradiso Tr.) at 94:23-95:9 (Q. … So ground two, you're saying a person of ordinary skill in the art would combine the MIT System, the thesis, Trundle and Young to render obvious claims 1 through 6 and 9 through 17? A. Yes. I think the **MIT thesis by itself anticipates** it. …); *see also id.* at 253:19-

---

invalidity analysis (indeed, he has never seen the '890 patent) but instead was fed snippets of claim language from Resideo's counsel that he "opines" were present in the MIT System.

[6] Mr. Larson and Dr. Paradiso also refer to a slide deck prepared by a third party that describes aspects of the MIT System. *See* Ex. I (Slide Deck). Mr. Larson confirmed that the creator of the slide deck had "no knowledge beyond what was found in the article and the thesis." Ex. G (Larson Tr.) at 45:7-15. This slide deck does not disclose anything about the MIT System beyond what the Thesis and the Article already disclose. And in any event, the slide deck was non-confidential and known to Resideo prior to its IPR petition—Resideo referred to the presentation in its pre-petition invalidity contentions as the "Gupta Slides." *See, e.g.*, Ex. C (Resideo Final Contentions) at 15. The same can be said for the non-confidential manuals for the TR40 Communicating Thermostat and Moto 9Qh mobile device, which are relied upon in Resideo's pre-petition invalidity contentions for the MIT System and excerpted in the Thesis. *See* Ex. J (MIT System Contentions Chart) at 1. Thus, like the Thesis and the Article, the slide deck and TR40 and Moto 9Qh manuals were public documents known to Resideo that reasonably could have been raised in Resideo's IPR petition. Dr. Paradiso's analysis of the MIT System does not rely upon any confidential documents.

254:11 ("I think the thesis is probably the most complete document that describes [the MIT System]"). That is consistent with Dr. Paradiso's expert report, which relies upon the Thesis for **every element** of every asserted claim in his MIT System anticipation analysis—citing the Thesis nearly 150 times and on nearly every page of his anticipation analysis. *See* Ex. E (Paradiso Rpt.) at 54, 57, 58, 60-66, 68-70, 72, 73, 75-81, 83-85, 87, 89-92, 95-103, 105-118, 120, 121, 123-125, 127-129, 131-133, 135-137, 139-141, 143-145. Even Resideo's own invalidity contentions identify the MIT System as "Thermostat system **as disclosed in** Gupta Thesis, Gupta Article, and Gupta Slides." Ex. C (Resideo Final Contentions) at 15.

### 2. The MIT System Facts Readily Meet the Standards Articulated by This Court and Others for Prohibiting the Use of System Prior Art

The Federal Circuit has not yet articulated a specific standard for evaluating whether a prior art system is sufficiently described in printed publications that it reasonably could have been raised in an IPR petition, such that the prior art system cannot be asserted in litigation (e.g., because of a *Sotera* stipulation or IPR estoppel under 35 U.S.C. § 315(e)(2)). But a number of courts, including this Court, have considered these issues and applied various standards in evaluating this overlap. All such standards are met here.

For example, in *Hafeman v. LG Electronics, Inc.*, this Court found that defendant LG was estopped from raising a priority date issue "based on its *Sotera* stipulation" in a related IPR. No. 6:21-cv-00696-ADA, 2023 WL 4362863 at *1-2 (W.D. Tex. Apr. 14, 2023). This Court explained:

> **Although LG uses two system references**—Ms. Hafeman's Retriever product and Apple's Find My iPhone— for its invalidity argument that it could not raise before the PTAB, **estoppel still applies** when the allegedly new references have "**materially identical**" disclosures as the IPR art. *Wasica Fin. GmbH v. Schrader Int'l, Inc.*, 432 F. Supp. 3d 448, 454-55 (D. Del. 2020) (applying IPR estoppel where prior art publication in IPR and prior art product in court contained "materially identical" teachings). Since the related IPRs here are relying on Ms. Hafeman's patents, and Ms. Hafeman has admitted that the Retriever and Find My iPhone practice her patents, there is "**no substantive difference**" between these alleged references. *See Bos. Sci. Corp. v. Cook Grp. Inc.*, No.

9

>117CV03448JRSMJD, 2023 WL 1452172, at *34 (S.D. Ind. Jan. 31, 2023) (applying IPR estoppel to references that could not be raised in IPR because there was "no substantive difference" between the references).

*Id.* Here, the disclosures of the Thesis and the Article are materially identical to the disclosures of the MIT System. Indeed, neither Dr. Paradiso nor Mr. Larson identified any material fact about the MIT System that is not disclosed by the Thesis and Article. Nor could they—there is clearly no substantive difference between the MIT System on the one hand and the Thesis and Article on the other hand given the facts set forth above, which include Mr. Larson's admission that "the article and the thesis provide a **full-and-complete description** of that MIT system" and Dr. Paradiso's reliance upon the Thesis for every claim element in his MIT System analysis and his admission that "the MIT **thesis by itself anticipates**" every asserted claim. *See* Ex. G (Larson Tr.) at 139:17-24; Ex. H (Paradiso Tr.) at 94:23-95:9.

Similarly, in *Certain Robotic Floor Cleaning Devices and Components Thereof*, ALJ McNamara of the ITC found that respondent SharkNinja was estopped from asserting invalidity based upon a prior art system because SharkNinja included a *Sotera* stipulation in its IPR petition and reasonably could have raised the same invalidity theory in the IPR using printed publication and video evidence. Ex. K, ITC Inv. No. 337-TA-1252, Public Init. Det. at 38-47 (U.S.I.T.C. Oct. 7, 2022). The ALJ explained that a party "may not 'put forth invalidity arguments in litigation that rely solely upon patents or printed publications that could have been raised in the IPR, and then claim that IPR estoppel does not apply because these printed materials reflect or represent a prior art product.'" *Id.* at 44-45 (quoting *Medline Indus. Inc. v. C.R. Bard, Inc.*, No. 17 C 7216, 2020 WL 5512132, at *5 (N.D. Ill. Sept. 14, 2020)). The ALJ further explained that "patent challengers are estopped from raising an invalidity argument that is **based in name on a prior art system, but in reality relies on printed publications describing that system**." *Id.* at 45. That is exactly what Resideo seeks to do here, arguing that the MIT System invalidates the asserted claims but, in

reality, relying on printed publications describing the system. In that ITC case, SharkNinja was not even aware of all the printed publications before filing its IPR petition (but should have found them in a diligent search), and there is no indication that SharkNinja ever asserted that any of the publications themselves were anticipatory. *See id.* at 47. Here, it is undisputed that Resideo had pre-petition knowledge of the publications, and Dr. Paradiso testified at deposition that "the MIT **thesis by itself anticipates**" every asserted claim. *See* Ex. H (Paradiso Tr.) at 94:23-95:9.

As another example, the District of Delaware in *Wasica* applied IPR estoppel to prevent the defendant from relying upon a prior art system in the litigation because the defendant reasonably could have raised in the IPR a prior art publication that was "**materially identical** (i.e., **disclose[d] the same claim elements**)" as the prior art system. *See* 432 F. Supp. 3d at 454-55; *see also SiOnyx, LLC v. Hamamatsu Photonics, K.K.*, 330 F. Supp. 3d 574, 603-04 (D. Mass. 2018) (allowing system prior art argument because defendants' invalidity contentions and expert report relied on a specific aspect of the system itself—rather than publications—as "the only citation for certain claim limitations"). As in *Wasica*, the publications relied upon by Dr. Paradiso reasonably could have been raised in Resideo's IPR petition and disclose the same claim elements that the MIT System allegedly does. Again, Dr. Paradiso argues the Thesis alone anticipates every claim, and Mr. Larson admitted that "the article and the thesis provide a full-and-complete description of that MIT system." Ex. H (Paradiso Tr.) at 94:23-95:9; Ex. G (Larson Tr.) at 139:17-24.

As still another example, the Southern District of Indiana in *Boston Sci. Corp. v. Cook Grp. Inc.* recently stated:

> A patent challenger cannot rely *solely* on otherwise estopped printed publications or patents to describe how a physical device works and then argue that they are actually relying on a physical device. Rather, **the patent challenger must, at least in part, substantively rely on the actual physical specimen to escape IPR estoppel**. As will be discussed, this rule goes hand in hand with the standard under *Wasica*; in other words, the **physical device must provide a substantive**

11

**difference** to the challenger's invalidity argument that would not have been available by solely relying on the patents and publications describing the device.

*Boston Sci. Corp. v. Cook Grp. Inc.*, No. 1:17-cv-03448-JRS-MJD, 2023 WL 1452172, at *33 (S.D. Ind. Jan. 31, 2023) . Here, there is no portion of Resideo's MIT System analysis that relies upon a physical specimen of the MIT System—the physical device does not provide any substantive difference over what the printed publications disclose. Further analyzing the facts under the reasoning in *Wasica*, the *Boston Scientific* court explained that "if the patent challenger is relying on a physical device at the district court that is **fully disclosed** in an estopped patent or publication, then there is truly **no substantive difference** between the ground to be argued before the district court and the ground that was or reasonably could have been argued at the IPR." *Id.* at *34; *see also id.* at *36 (barring invalidity arguments based on prior art system where "all of the limitations that Defendants identify in the device … are disclosed in the [publication]"); *Cal. Inst. of Tech. v. Broadcom Ltd.*, No. CV 16-3714 GW (AGRX), 2019 U.S. Dist. LEXIS 141103, at *44-45 (C.D. Cal. Aug. 9, 2019) (finding estoppel appropriate as to non-publication evidence because defendants failed to explain what evidence "beyond the four corners of the prior art documents that is **germanely, substantively different** from the documents themselves would support their purported known or used invalidity theories"); *Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, 271 F. Supp. 3d 990, 1032 (E.D. Wis. 2017) (warning that defendant "cannot skirt [IPR estoppel] by purporting to rely on a device without actually **relying on the device itself**").

Here, Mr. Larson explicitly admitted that "the article and the thesis provide a **full-and-complete description** of th[e] MIT system," and he confirmed that he is "not aware of any other documents that describe the MIT system" that the Gupta/Larson team prepared. Ex. G (Larson Tr.) at 139:17-24. And Dr. Paradiso relies upon the Thesis for its alleged disclosure of every single claim element, asserting that "the MIT **thesis by itself anticipates**" every asserted claim. *See* Ex.

12

Ex. H (Paradiso Tr.) at 94:23-95:9. Resideo should not be permitted to circumvent its *Sotera* stipulation by cloaking the publications describing the MIT System as alleged system prior art. *See, e.g.*, *Clearlamp, LLC v. LKQ Corp.*, No. 12 C 2533, 2016 WL 4734389, at *9 (N.D. Ill. Mar. 18, 2016) (criticizing defendant's "disingenuous" attempt to "cloak" publication prior art as system prior art). While the Federal Circuit has not articulated a single test governing this legal issue, the standards articulated by this Court and others around the country are all readily met here.

### C. The VisionPRO System Is Subject to Resideo's *Sotera* Stipulation Because It Is Fully and Completely Described by the VisionPRO 8000 Manual

Dr. Paradiso's remaining invalidity grounds (i.e., Grounds 3A, 3B, 4A, and 4B) all match grounds that Resideo presented in its IPR petition, except that they tack on the VisionPRO System. As with the MIT System, the VisionPRO System is fully described in a printed publication (the VisionPRO 8000 Manual) that Resideo reasonably could have raised in its petition—such that the VisionPRO System is also subject to Resideo's *Sotera* stipulation.

#### 1. The VisionPRO 8000 Manual Fully and Completely Describes the VisionPRO System and Reasonably Could Have Been Raised in IPR

Resideo's predecessor, Honeywell, published the VisionPRO 8000 Manual ("VisionPRO Manual") in 2004 as a non-confidential resource for customers of the VisionPRO 8000 programmable thermostat, which Resideo refers to now as the "VisionPRO System." *See* Ex. L (VisionPRO Manual).[7] The VisionPRO Manual is repeatedly referenced throughout Resideo's pre-petition invalidity contentions. *See, e.g.*, Ex. C (Resideo Final Contentions) at 19, 22, 24, 27; Ex. M (VisionPRO Contentions Chart). Thus, there can be no dispute that the VisionPRO Manual

---

[7] Since it was spun off of Honeywell in 2018, Resideo has sold smart thermostats that include Honeywell Home branding, and numerous former Honeywell employees (including 30(b)(6) designees in this case) continued their work at Resideo following this transition. There can be no dispute that the VisionPRO System was known to Resideo years before this action even began.

13

reasonably could have been raised in Resideo's IPR petition.

Moreover, it is readily apparent from Resideo's own litigation positions that the VisionPRO Manual fully and completely describes the VisionPRO System. In both its invalidity contentions and Dr. Paradiso's expert report, the VisionPRO Manual is the only source of information relied upon for disclosures of the VisionPRO System. For every claim element that the VisionPRO System allegedly meets, Dr. Paradiso cites to the VisionPRO Manual as his only evidence relating to the VisionPRO System. *See, e.g.*, Ex. E (Paradiso Rpt.) at 163, 164, 166, 169, 171, 172, 175, 177, 179, 180, 181, 183, 184, 188, 195, 197, 205, 206 (citations to the Manual for each element of claim 1 allegedly met by the VisionPRO System). Similarly, Resideo's contentions claim chart for the VisionPRO System cites only to portions of the VisionPRO Manual. *See* Ex. M (VisionPRO Contentions Chart).

### 2. The VisionPRO System Facts Readily Meet the Standards Articulated by This Court and Others for Prohibiting the Use of System Prior Art

As described above with respect to the MIT System, a number of courts, including this Court, have applied various standards for evaluating whether a prior art system is sufficiently described in a printed publication that reasonably could have been raised in an IPR petition, such that the prior art system cannot be asserted in litigation (e.g., because of a *Sotera* stipulation or IPR estoppel under 35 U.S.C. § 315(e)(2)). Under any of the standards articulated by this Court or others, the VisionPRO System falls within the scope of Resideo's *Sotera* stipulation and cannot be used to argue invalidity here.

As in *Hafeman*, *Wasica*, and *Boston Scientific*, the disclosure of the VisionPRO System is "materially identical" to the disclosure of the VisionPRO Manual—there is "no substantive difference" between the two. *See Hafeman*, No. 6:21-cv-00696-ADA, at *1-2; *Wasica*, 432 F. Supp. 3d at 454-55; *Bos. Sci.*, 2023 WL 1452172, at *34. Neither Dr. Paradiso nor Resideo's

14

contentions identified any relevant aspect of the VisionPRO System that the VisionPRO Manual fails to describe. Instead, they rely exclusively upon the VisionPRO Manual for every teaching of what the VisionPRO System discloses.

Dr. Paradiso's grounds of invalidity that include the VisionPRO System are "based in name on a prior art system, but in reality rel[y] on printed publications describing that system," namely the VisionPRO Manual. *See* Ex. K (*Certain Robotic Floor Cleaning Devices*, Public Init. Det.) at 45. Dr. Paradiso merely recycles the same invalidity grounds already raised in the IPR petition and tacks on the VisionPRO System—but relies exclusively upon the VisionPRO Manual to show what the VisionPRO System allegedly discloses. Dr. Paradiso does not "substantively rely on the actual physical specimen" of the VisionPRO System, and "all of the limitations that [he] identif[ies] in the device … are disclosed in the [VisionPRO Manual]." *See Bos. Sci.*, 2023 WL 1452172, at *33, 36. Resideo "cannot skirt [its *Sotera* stipulation] by purporting to rely on a device without actually relying on the device itself." *Milwaukee Elec. Tool*, 271 F. Supp. 3d at 1032.

Dr. Paradiso identifies nothing about the VisionPRO System that is not already taught by the Manual, which Resideo knew about for years and unquestionably could have raised in its IPR petition. Resideo should not get a second bite at the apple—Resideo explicitly promised not to pursue any invalidity arguments here that it could have raised in IPR, and it is readily apparent that Resideo could have made its same arguments about VisionPRO to the PTAB using the Manual.

> **D.      Because Resideo's *Sotera* Stipulation Encompasses All References Relied Upon by Dr. Paradiso, Summary Judgment of No Anticipation and No Obviousness Is Warranted**

Dr. Paradiso's expert report presents six total invalidity grounds based on prior art, which rely upon different combinations of the nine references described above. Given that all nine references were included in Resideo's pre-petition litigation contentions, it is clear that all nine references were known to Resideo before filing its IPR petition. And while Resideo may argue

that the MIT System and the VisionPRO System themselves could not have been raised in its IPR petition because they are prior art systems, each system is fully and completely described by printed publications that were known to Resideo long before its IPR petition was filed. There can be no genuine dispute as to these facts. Because Dr. Paradiso has presented no invalidity theory that relies upon a prior art reference falling outside Resideo's *Sotera* stipulation, this Court should grant summary judgment of no anticipation and no obviousness.

## V.   CONCLUSION

Resideo stipulated that it would not pursue invalidity theories here that reasonably could have been raised in the IPR petition it filed against the '890 patent. Every anticipation and obviousness theory presented by Resideo's expert, Dr. Paradiso, relies exclusively upon prior art that is subject to Resideo's stipulation. Accordingly, this motion should be granted.

Date: July 11, 2023                                             Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie
Marc A. Fenster
Adam S. Hoffman
Kristopher Davis
James Pickens
Minna Chan
Jonathan Ma
Jason Wietholter
**Russ August & Kabat**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Matthew D. Aichele
**Russ August & Kabat**
800 Maine Ave SW, Suite 200
Washington, DC. 20024
Telephone: (202) 664-0623

*Attorneys for Plaintiff EcoFactor, Inc.*

## CERTIFICATE OF CONFERENCE

I certify that my firm, including my colleagues James Pickens, Jonathan Ma, and Kris Davis, conferred with Defendant's counsel regarding the foregoing Motion on July 10, 2023, following email correspondence identifying the proposed relief. Defendant's counsel confirmed that their client opposes the requested relief.

/s/ Reza Mirzaie

## CERTIFICATE OF SERVICE

I certify that this document is being served upon counsel of record for Defendant on July 11, 2023 via the Court's CM/ECF.

/s/ Reza Mirzaie<br>Reza Mirzaie