IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| ECOFACTOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> RESIDEO TECHNOLOGIES, INC., <br><br> Defendant. | Case No. 6:22-cv-00069-ADA <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF ECOFACTOR, INC.'S MOTION TO EXCLUDE
NEW EXPERT OPINIONS OF DR. JOSEPH PARADISO**

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................ 1

II. LEGAL STANDARD ......................................................................................................... 1

III. ARGUMENT ...................................................................................................................... 3

   A.  Dr. Paradiso improperly attempted to expand his opinions at deposition far beyond the confines of his expert report, in violation of Federal Rule of Civil Procedure 26. ................... 3

      1.  *At deposition, Dr. Paradiso attempted to inject a Bluetooth radio into his opinions, while admitting no support exists in his report or in the MIT System itself for such an opinion.* ...................................................................................................................... 4

      2.  *At deposition, Dr. Paradiso newly argued that a broadband wireless internet connection discloses a wireless radio.* ................................................................... 5

   B.  Dr. Paradiso's new opinions are prejudicial and violate Rule 37. .................................... 6

   C.  Dr. Paradiso's new opinions are speculative and conclusory—and fail the requirements of *Daubert* and Fed. R. Evid. 702. ......................................................................................... 6

      1.  *Dr. Paradiso cannot support his new opinion with express disclosure of a wireless radio as part of the broadband wireless internet connection in the MIT System.* ................ 7

      2.  *Dr. Paradiso cannot show an inherent disclosure of a wireless radio as part of the broadband wireless internet connection.* ................................................................. 8

IV. CONCLUSION ................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Cases**

*Betzel v. State Farm Lloyds*,
  480 F.3d 704 (5th Cir. 2007) .................................................................................................. 2

*CytoLogix Corp. v. Ventana Medical Systems, Inc.*,
  424 F.3d 1168 (Fed. Cir. 2005) ........................................................................................... 3, 7

*Daedalus Blue LLC, v. SZ DJI Tech. Co., Ltd.*,
  No. 6:20-cv-00073-ADA, Dkt. No. 171 (W.D. Tex. Feb. 24, 2022) ....................................... 6

*In re Hughes*,
  52 CCPA 1355 F.2d 184 (1965) .................................................................................... 2, 8, 10

*In re Turlay*,
  49 CCPA 1288 F.2d 893 (1962) .................................................................................... 2, 8, 10

*Matosky v. Manning*,
  428 F. App'x 293 (5th Cir. 2011) ........................................................................................... 2

*Motorola, Inc. v. Interdigital Technology Corp.*,
  121 F.3d 1461 (Fed. Cir. 1997) .................................................................................. 2, 4, 7, 8

*Perricone v. Medicis Pharm. Corp.*,
  432 F.3d 1368 (Fed. Cir. 2005) ........................................................................................... 3, 9

*Ravgen, Inc., v. Lab. Corp. of Am. Holdings*,
  No. 6:20-cv-00969-ADA, Dkt. No. 230 (W.D. Tex. Oct. 4, 2022) ................................ 2, 3, 6

*Trintec Indus., Inc. v. Top-U.S.A. Corp.*,
  295 F.3d 1292 (Fed. Cir. 2002) ............................................................................................... 3

*Verve, LLC v. Crane Cams, Inc.*,
  311 F.3d 1116 (Fed. Cir. 2002) ........................................................................................... 2, 8

*W.L. Gore & Assocs., Inc. v. Garlock, Inc.*,
  721 F.2d 1540 (Fed. Cir. 1983) .................................................................................... 2, 8, 10

*Wasica Fin. GmbH v. Cont'l Auto. Sys., Inc.*,
  853 F.3d 1272 (Fed. Cir. 2017) ................................................................................. 2, 8, 9, 10

**Rules**

Fed. R. Civ. P. 26 .......................................................................................................... passim

Fed. R. Civ. P. 37 .................................................................................................................. 6

Fed. R. Civ. P. 37(c)(1) ......................................................................................................... 2

Fed. R. Evid. 702 .......................................................................................................... passim

I.     INTRODUCTION

Plaintiff EcoFactor, Inc. ("EcoFactor") hereby respectfully requests that the Court exclude and preclude certain opinions and testimony of Defendant Resideo Technologies, Inc.'s ("Resideo") invalidity expert, Dr. Joseph Paradiso because those opinions are untimely, conclusory, and unreliable. Dr. Paradiso's expert report only argues that two radios in the MIT System expressly disclose "a *wireless radio* compatible with a wireless radio frequency protocol and configured to communicate bi-directionally with a location-aware mobile device" as required by claim element 1[d] of U.S. Patent No. 10,584,890 (Ex. A, "'890 patent").[1] *See* EcoFactor's co-pending Motion for Partial Summary Judgment of No Anticipation by the MIT System. Apparently recognizing these deficiencies in his report, Dr. Paradiso endeavored to impermissibly expand his opinions at deposition with new, unsupported, and conclusory allegations about the MIT System's purported disclosures. But even at deposition, Dr. Paradiso could not point to evidence that the MIT System expressly or inherently discloses "a wireless radio … configured to communicate bi-directionally with a location-aware mobile device." Dr. Paradiso's opinions fail to meet the standards of Federal Rule of Evidence 702 and Federal Circuit law with respect to anticipation. Dr. Paradiso's new opinions and testimony regarding the MIT System for limitation 1[d] should therefore be excluded because he does not faithfully analyze the MIT System's disclosures and instead creates a false narrative about what the MIT System discloses.

II.    LEGAL STANDARD

"Rule 26 requires an expert witness to disclose an expert report that contains 'a complete statement of all opinions the witness will express [in testimony] and the basis and reasons for them.'" *Ravgen, Inc., v. Lab. Corp. of Am. Holdings*, No. 6:20-cv-00969-ADA, Dkt. No. 230 at

---

[1] The exhibits referenced herein are attached to the declaration filed at Dkt. No. 90.

1

2 (W.D. Tex. Oct. 4, 2022) ("*Ravgen*"). "An expert's unsupported conclusory assertion may be excluded as unreliable." *Id.* (citing *Matosky v. Manning*, 428 F. App'x 293, 298 (5th Cir. 2011) (per curiam) (holding that the district court did not abuse its discretion in determining that the expert's conclusory assertion was unreliable, and thus in excluding his testimony).

If a party fails to timely provide information as required by Rule 26, the party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37 (c)(1). In determining whether the failure was substantially justified or harmless, the Fifth Circuit considers the following factors: (1) The importance of the witness' testimony; (2) The prejudice to the opposing party of allowing the testimony; (3) The possibility of curing such prejudice by a continuance; and (4) The explanation for the party's failure. *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).

"For a prior art reference to anticipate a claim, the reference must disclose each and every element of the claim with sufficient clarity to prove its existence in the prior art." *Motorola, Inc. v. Interdigital Technology Corp.*, 121 F.3d 1461, 1473 (Fed. Cir. 1997) ("*Motorola*"). "Anticipation requires that a single reference "describe the claimed invention *with sufficient precision and detail* to establish that the subject matter existed in the prior art." *Wasica Fin. GmbH v. Cont'l Auto. Sys., Inc.*, 853 F.3d 1272, 1284 (Fed. Cir. 2017) ("*Wasica*") (quoting *Verve, LLC v. Crane Cams, Inc.*, 311 F.3d 1116, 1120 (Fed. Cir. 2002)). "For this reason, it has long been understood that ambiguous references do not, as a matter of law, anticipate a claim." *Id.* (citing *W.L. Gore & Assocs., Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1554 (Fed. Cir. 1983)) (refusing to find claims anticipated when the prior art references were "unacceptably vague"); *In re Hughes*, 345 F.2d at 188; *In re Turlay*, 304 F.2d at 899. Nor can an assumption provide the necessary

support for an anticipation-based invalidity finding. *Perricone v. Medicis Pharm. Corp.*, 432 F.3d 1368, 1379 (Fed. Cir. 2005) (reversing district court's holding that prior art reference anticipates the claims because the "district court's inherency analysis goes astray because it assumes what [the reference] neither disclosed nor rendered inherent."). "Inherent anticipation requires that the missing descriptive material is 'necessarily present,' not merely probably or possibly present, in the prior art." *Trintec Indus., Inc. v. Top-U.S.A. Corp.*, 295 F.3d 1292, 1295 (Fed. Cir. 2002) ("*Trintec*"). "[C]onclusory testimony, unsupported by the documentary evidence, cannot supplant the requirement of anticipatory disclosure in the prior art reference itself." *Motorola* at 1473; *see also CytoLogix Corp. v. Ventana Medical Systems, Inc.*, 424 F.3d 1168, 1176 (Fed. Cir. 2005) ("*CytoLogix*") ("Substantial evidence of invalidity must meet certain minimum requirements; '[g]eneral and conclusory testimony . . . does not suffice as substantial evidence of invalidity.'").

### III. ARGUMENT

    **A.    Dr. Paradiso improperly attempted to expand his opinions at deposition far beyond the confines of his expert report, in violation of Federal Rule of Civil Procedure 26.**

This Court holds that "Rule 26 requires an expert witness to disclose an expert report that contains 'a complete statement of all opinions the witness will express [in testimony] and the basis and reasons for them.'" *Ravgen* at 2. For Ground 1, element 1[d], Dr. Paradiso's report only identified two express disclosures of "a wireless radio" (one in a *mobile device* and the other in a *cell phone* tower). Ex. E (Paradiso Rpt.) ¶¶ 174-179. This section of his report discussing element 1[d]does not contain any inherency opinions regarding "a wireless radio." Ex. E (Paradiso Rpt.) at ¶¶ 174-179. Dr. Paradiso admitted these facts during his deposition. Ex. H (Paradiso Tr.) at 51:15-19, 57:18-20, 64:22-65:13.

Apparently recognizing the shortcomings in his report, Dr. Paradiso attempted to grow his invalidity opinions during his deposition by providing new and unsubstantiated opinions about

3

other possible wireless radios that are purportedly expressly or inherently disclosed by the MIT System. *See, e.g.*, *id*. at 55:8-16; 64:8-65:13, 71:20-74:17. Dr. Paradiso speculated in deposition that there might have been WiFi or Bluetooth wireless radios in the MIT System. *Id.* at 52:7-23 (Dr. Paradiso admitting that "[t]he [mobile device] *could* have a WiFi connection that *could* connect to the server itself, *but I'm not sure*." Dr. Paradiso further arguing that "the phone *could* talk with Bluetooth to the server; *although that's not disclosed* as being practiced in the thesis.").[2] Yet, none of these opinions appear in his opening expert report. Ex. E (Paradiso Rpt.) ¶¶ 174-179.

  **1.**  **At deposition, Dr. Paradiso attempted to inject a *Bluetooth radio* into his opinions, while admitting no support exists in his report or in the MIT System itself for such an opinion.**

For the first time at his deposition, Dr. Paradiso asserted that "I'm pretty sure [the MIT System] also has Bluetooth both on the laptop and on the mobile device for an Internet connection." Ex. H (Paradiso Tr.) at 47:10-13; 52:7-23 (Dr. Paradiso arguing that "the phone *could* talk with Bluetooth to the server; *although that's not disclosed* as being practiced in the thesis."). This new, conclusory testimony finds no basis in his report, nor any support in the MIT System itself. Ex. E (Paradiso Rpt.) ¶¶ 174-179 (Dr. Paradiso's analysis of claim element 1[d] with no mention of "Bluetooth"); Fed. R. Evid. 702. Indeed, Dr. Paradiso admits that "I don't have that opinion listed in the report." Ex. H (Paradiso Tr.) at 47:15-25; 55:22-57:14 (acknowledging that each paragraph of his expert report fails to discuss "Bluetooth"). Dr. Paradiso further admits that "[t]he [MIT] thesis *doesn't disclose* using a Bluetooth." *Id*. at 56:19-22. Yet, "[f]or a prior art reference to anticipate a claim, the reference *must disclose* each and every element of the claim with sufficient clarity to prove its existence in the prior art." *Motorola* at 1473. Thus, Dr. Paradiso should be precluded from offering any opinions with respect to a

---

[2] All emphasis in quoted material has been added unless otherwise noted.

4

Bluetooth radio that he himself admits is not in his report and not in the MIT System.

### 2. At deposition, Dr. Paradiso newly argued that a broadband wireless internet connection discloses a wireless radio.

At his deposition, Dr. Paradiso speculated that there could be a Wi-Fi radio connecting the MIT System server to a router. Ex. H (Paradiso Tr.) at 49:22-51:10 (discussing "several radios" and a "router"), 52:7-23 (Dr. Paradiso admitting that "[t]he [mobile device] *could* have a WiFi connection that *could* connect to the server itself, *but I'm not sure*."), 54:7-55:21:

> *I believe* the [MIT server] *probably* was wirelessly connected to the Internet. It was very common back then and this is kind of indicating that here. I don't say it directly in the text, but POSITA would look at it and certainly *assume* that it would very likely be wirelessly connected.

In offering this testimony, Dr. Paradiso admitted that his expert report does not contain this opinion. *Id.* ("I don't say it directly in the text …"). Indeed, Dr. Paradiso's report does not contain the opinion that the MIT System discloses these features. Ex. E (Paradiso Rpt.) ¶¶ 174-179. The only paragraph in this subsection to address a wireless *radio* is paragraph 177, which does not mention a Wi-Fi radio. *Id.* And while paragraph 175 of his report does mention a wireless connection, it does not identify a particular wireless radio or wireless radio frequency protocol, and Dr. Paradiso admitted at his deposition that the "word radio is not" in paragraph 175 of his report. Ex. H (Paradiso Tr.) at 57:18-20. Further, Dr. Paradiso acknowledges that the portion of the MIT System he relies upon in connection with his opinions in paragraph 175 of his report do not spell out any details about the hardware in the broadband wireless Internet connection:

> Now, he -- in writing the MIT thesis, he doesn't spell out in any more detail in this section that you reproduced here, *he doesn't actually spell out the broadband wireless Internet connection from Verizon what hardware that refers to*; is that correct?
>
> THE WITNESS: In this section, *this is all it says*. And the rest of the thesis, there very well could be more detail. But sitting here looking at the report in this paragraph, *this is the only mention of it*.

Ex. H (Paradiso Tr.) at 76:6-17 (objection omitted).

### B.   Dr. Paradiso's new opinions are prejudicial and violate Rule 37.

Allowing Dr. Paradiso to opine on these previously undisclosed opinions would prejudice EcoFactor because these new opinions were introduced after EcoFactor's rebuttal report, and EcoFactor had no opportunity to "digest and address the contents" of Dr. Paradiso's new opinions to prepare to question him on the issues. Fed. R. Civ. P. 37; *see also Ravgen* at 5 (holding that plaintiff "would be prejudiced if the Court were to allow the testimony" even though the plaintiff had "a chance to question [the expert] during his deposition" but had "no opportunity to 'digest and address the contents' of the opinions to prepare to question [the expert] on these issues, which this Court has previously held to be prejudicial," citing *Daedalus Blue LLC, v. SZ DJI Tech. Co., Ltd.*, No. 6:20-cv-00073-ADA, Dkt. No. 171 at 6 (W.D. Tex. Feb. 24, 2022)). Further, a continuance at this point in the proceedings would be impractical with trial scheduled for 2.5 months from the filing of this motion. *See id.* Furthermore, while Resideo may argue that these opinions are important, Resideo can provide no adequate justification for failing to include these opinions in Dr. Paradiso's opening report on invalidity—an issue on which Resideo bears the burden. *See id.*

### C.   Dr. Paradiso's new opinions are speculative and conclusory—and fail the requirements of *Daubert* and Fed. R. Evid. 702.

And while each of these new opinions are improper and should be struck because they are outside the scope of Dr. Paradiso's report, they are also conclusory, lack evidentiary support, and fail to meet the standards of Rule 702 and the Federal Circuit's case law regarding expert opinions on anticipation.

Dr. Paradiso fails to point to a teaching in the MIT System, let alone a clear one, that the MIT System itself expressly or inherently discloses "a wireless radio" that anticipates the claims. "For a prior art reference to anticipate a claim, the reference must disclose each and every element

6

of the claim *with sufficient clarity to prove its existence in the prior art*"—a standard the prior art reference here does not meet. *Motorola* at 1473. Moreover, Dr. Paradiso's "conclusory testimony, unsupported by the documentary evidence, *cannot supplant the requirement of anticipatory disclosure in the prior art reference itself*." *Id.*; *see also CytoLogix* at 1176.

Dr. Paradiso's false narrative regarding the MIT System's disclosures will not "help the trier of fact" because his opinions are not "based on sufficient facts or data," nor are his opinions the "product of reliable principles and methods" because Dr. Paradiso failed to "reliably appl[y] the principles and methods to the facts of the case" where there is no supporting disclosure in the prior art itself. Fed. R. Evid. 702. The Court should therefore exclude and preclude Dr. Paradiso from offering any testimony or opinions on these issues at trial.

> **1.    Dr. Paradiso cannot support his new opinion with *express* disclosure of a wireless radio as part of the broadband wireless internet connection in the MIT System.**

Dr. Paradiso does not actually know if there was a Wi-Fi radio in the MIT System. He testified that in the "figure of the [MIT server]" that he relies upon in his expert report, "you *don't see an Internet* connection." *Id.* at 66:19-67:7. Further, he confirmed that the type of Internet connection (wired or wireless) is unknown to him:

> Q. So do you know one way or another for sure whether the MIT System used a wired connection between the router and the laptop?
>
> A. Beyond this indication that I see in the picture, *I don't know*.

*Id.* at 75:4-16 (Dr. Paradiso admitting that this disclosure "is *hinting* that – it's strongly suggesting that it's a wireless internet connection"), 76:11-77:8 (Dr. Paradiso admitting the broadband connection "*could*" "connect via a *wire* to the MIT server" and thus not even be wireless); *see also id.* at 78:2-6 (confirming that Dr. Paradiso did not look inside of the MIT System's server laptop).

7

Dr. Paradiso's purported opinions are contrary to Federal Circuit law and Rule 702, and should therefore be struck, because they are not based on "sufficient facts or data" and are "conclusory testimony, unsupported by the documentary evidence, [which] ***cannot supplant the requirement of anticipatory disclosure in the prior art reference itself***." *Motorola* at 1473. "Anticipation requires that a single reference 'describe the claimed invention ***with sufficient precision and detail*** to establish that the subject matter existed in the prior art." *Wasica*, 853 F.3d at 1284 (quoting *Verve, LLC v. Crane Cams, Inc.*, 311 F.3d 1116, 1120 (Fed. Cir. 2002). Further, the Federal Circuit holds that "it has long been understood that ***ambiguous references do not, as a matter of law, anticipate a claim***." *Id*. (citing *W.L. Gore & Assocs., Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1554 (Fed. Cir. 1983) (refusing to find claims anticipated when the prior art references were "unacceptably vague"); *In re Hughes*, 52 CCPA 1355, 345 F.2d 184, 188 (1965); *In re Turlay*, 49 CCPA 1288, 304 F.2d 893, 899 (1962) ("It is well established that an anticipation rejection cannot be predicated on an ambiguous reference.")). Yet, Dr. Paradiso fails to establish that the MIT System discloses "a wireless radio" with sufficient precision and detail.

Thus, Dr. Paradiso should be precluded from offering any opinions that the MIT System's broadband connection expressly discloses a wireless radio. Fed. R. Civ. P. 26; Fed. R. Evid. 702.

**2. Dr. Paradiso cannot show an inherent disclosure of a wireless radio as part of the broadband wireless internet connection.**

Despite clearly failing to state these opinions in his report as is required by Federal Rule of Civil Procedure 26, and the utter lack of disclosure in the MIT System itself, Dr. Paradiso doubled down at his deposition by arguing that even if the MIT System does not *expressly* disclose "a wireless radio," it still *inherently* discloses "a wireless radio." *See, e.g.*, Ex. H (Paradiso Tr.) at 64:13-65:2. Yet, Dr. Paradiso did not opine in his expert report that the MIT System inherently discloses "a wireless radio." *See* Ex. E (Paradiso Rpt.) ¶¶ 174-179; *see also* Ex. H (Paradiso Tr.)

8

at 64:22-65:2 (Dr. Paradiso admitting that "paragraphs 174 through 179" of his report do not mention inherency). Even so, Dr. Paradiso argue at his deposition that "I don't have any mention of the word inherency, but I do say that the system wirelessly connected to the thermostat. So it's there." Ex. H (Paradiso Tr.) at 64:22-65:2. However, Dr. Paradiso's omission of an inherency opinion in connection with limitation 1[d] is not some mere oversight or mistake, simply forgetting to include the word "inherently." Indeed, in other portions of his report, he uses the word "inherently." *See, e.g.*, Ex. E (Paradiso Rpt.) ¶¶ 431, 591.

Nevertheless, Dr. Paradiso's purported inherency opinions are contrary to Federal Circuit law as well as Rule 702 and should be struck. "Anticipation requires that a single reference 'describe the claimed invention with sufficient precision and detail to establish that the subject matter existed in the prior art." *Wasica* at 1284. Yet, Dr. Paradiso fails to establish that the MIT System inherently discloses "a wireless radio" with sufficient precision and detail.

Indeed, Dr. Paradiso cannot satisfy the rigorous standards for anticipation by ***assuming*** what a prior art reference "neither disclosed nor rendered inherent." *Perricone v. Medicis Pharm. Corp.*, 432 F.3d 1368, 1379 (Fed. Cir. 2005) (reversing district court's holding that prior art reference anticipates the claims because the "district court's inherency analysis goes astray because it ***assumes*** what [the reference] ***neither disclosed nor rendered inherent***."). Dr. Paradiso points to no express disclosure in the MIT System of a wireless radio, opting instead to argue at deposition that a "POSITA would ***assume***, if you see 'wirelessly connected,' there's a radio." Paradiso Tr. at 57:9-10. But he admits that in "the figure of the laptop" he relies upon "***you don't see an Internet connection***." Ex. H (Paradiso Tr.) at 64:13-65:13. Indeed, Dr. Paradiso admits that he has not performed a tear down of the laptop in this system, and further admits that his expert report did not even identify a particular model name or number of the laptop. *Id.* at 76:22-

9

78:9. When he failed to identify a disclosure of a wireless radio he "just *assumed* based on this that that would be a natural *assumption*." *Id.* However, an assumption is not enough, and Dr. Paradiso's opinions should be precluded for this reason alone. *Perricone*, 432 F.3d at 1379; Fed. R. Evid. 702.

Additionally, Dr. Paradiso cannot satisfy the rigorous standards for anticipation by relying on *ambiguous* disclosures in a reference. *Wasica* at 1284 ("it has long been understood that *ambiguous references do not, as a matter of law, anticipate a claim*.") (citing *W.L. Gore & Assocs., Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1554 (Fed. Cir. 1983) (refusing to find claims anticipated when the prior art references were "unacceptably vague"); *In re Hughes*, 345 F.2d at 188; *In re Turlay*, 304 F.2d at 899. Yet, ambiguity is, at best, what Dr. Paradiso relies on in support of his new opinions, acknowledging that the MIT System disclosures do not clearly disclose details of the network connection used in the MIT System, admitting that in the "figure of the [MIT server]" he relies upon "you *don't see an Internet* connection." *Id.* at 64:22-65:13, 66:23-67:7. Further:

> Q So do you know one way or another for sure whether the MIT System used a wired connection between the router and the laptop?
>
> A Beyond this indication that I see in the picture, *I don't know*.

*Id.* at 75:4-16; *see also id.* at 76:11-77:8 (admitting the broadband connection "*could*" "connect via a *wire* to the MIT server."

Instead of identifying any support in the anticipatory reference he relies on, Dr. Paradiso admits that these disclosures are only "hinting at – it's strongly suggesting that it's a wireless internet connection" (*id.* at 75:4-16) and falls back on assumptions:

> "*I believe* the [MIT server] *probably* was wirelessly connected to the Internet. It was very common back then and this is kind of indicating that here. I don't say it directly in the text, but POSITA

10

would look at it and certainly *assume* that it would very likely be wirelessly connected."

*Id*. at 55:11-16.

Dr. Paradiso should be precluded from offering any opinions that a broadband wireless internet connection discloses a wireless radio that he himself admits is not in his report and is unsupported by the reference he relies upon. Fed. R. Civ. P. 26; Fed. R. Evid. 702.

## IV.  CONCLUSION

For the foregoing reasons, the Court should exclude and preclude certain opinions and testimony of Dr. Paradiso because those opinions are untimely, conclusory, and unreliable.

Date: July 11, 2023          Respectfully submitted,

/s/ Reza Mirzaie
Reza Mirzaie
Marc A. Fenster
Adam S. Hoffman
Kristopher Davis
James Pickens
Minna Chan
Jonathan Ma
Jason Wietholter
**Russ August & Kabat**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Matthew D. Aichele
**Russ August & Kabat**
800 Maine Ave SW, Suite 200
Washington, DC. 20024
Telephone: (202) 664-0623

*Attorneys for Plaintiff EcoFactor, Inc.*

11

## CERTIFICATE OF CONFERENCE

I certify that my firm, including my colleagues James Pickens, Jonathan Ma, and Kris Davis, conferred with Defendant's counsel regarding the foregoing Motion on July 10, 2023, following email correspondence identifying the proposed relief. Defendant's counsel confirmed that their client opposes the requested relief.

*/s/ Reza Mirzaie*

## CERTIFICATE OF SERVICE

I certify that this document is being served upon counsel of record for Defendant on July 11, 2023 via the Court's CM/ECF.

*/s/ Reza Mirzaie*
Reza Mirzaie
