# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

|  |  |
|---|---|
| ECOFACTOR, INC., |  |
| Plaintiff, |  |
| v. | Civil Action No. 6:22-cv-00069-ADA |
| RESIDEO TECHNOLOGIES, INC., | **JURY TRIAL DEMANDED** |
| Defendant. |  |

**DEFENDANT RESIDEO TECHNOLOGIES, INC.'S RESPONSE TO ECOFACTOR'S
MOTION FOR PARTIAL SUMMARY JUDGMENT OF
<u>NO INVALIDITY BASED ON LACK OF WRITTEN DESCRIPTION</u>
(DKT. 95)**

## <u>TABLE OF CONTENTS</u>

I.      Introduction ..................................................................................................... 1

II.     Statement of Issues to be Decided .................................................................. 1

III.    Relevant Factual Background ......................................................................... 1
        A.      Lack of Written Description for Element [1.l]................................... 1
        B.      Lack of Written Description for Element [1.o]................................... 2

IV.     Legal Standard ................................................................................................ 2

V.      Argument ........................................................................................................ 3
        A.      Summary judgment should be denied because Resideo's expert testimony
                raises a genuine dispute as to whether element [1.l] lacks sufficient written
                description under EcoFactor's interpretation of the claim scope.......................... 3
        B.      Summary judgment should be denied because Resideo's expert testimony
                generates a genuine dispute as to whether element [1.o] lacks sufficient
                written description. ............................................................................... 4

VI.     Conclusion ...................................................................................................... 5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*01 Communique Lab., Inc. v. Citrix Sys.*,
    889 F.3d 735 (Fed. Cir. 2018)...................................................................................................3

*Allstate Ins. Co. v. Vizcay*,
    No. 8:11-cv-804-T-17TBM, 2013 U.S. Dist. LEXIS 143453 (M.D. Fla. Sep.
    30, 2013) .........................................................................................................................4

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986).......................................................................................................2

*Ariad Pharms., Inc. v. Eli Lilly & Co.*,
    598 F.3d 1336 (Fed. Cir. 2010) (en banc).................................................................4

*Brooks v. ComUnity Lending, Inc.*,
    No. C 07-4501 JF (PVT), 2010 U.S. Dist. LEXIS 67116 (N.D. Cal. July 6,
    2010) ..............................................................................................................................5

*Davis v. Thurston Cty.*,
    No. 33010-9-III, 2015 Wash. App. LEXIS 1407 (Ct. App. July 2, 2015)................4

*Matushita Elc. Indus. Co. v. Zenith Radio*,
    475 U.S. 574 (1986).......................................................................................................2

*Reeves v. Sanderson Plumbing Prods., Inc.*,
    530 U.S. 133 (2000).......................................................................................................3

*Riddell, Inc. v. Kranos Corp.*,
    No. 16 C 4496, 2017 U.S. Dist. LEXIS 82276 (N.D. Ill. May 30, 2017) .................3

*Washburn v. Harvey*,
    504 F.3d 505 (5th Cir. 2007) .......................................................................................2

**Other Authorities**

Fed. R. Civ. P. 56(a) ...........................................................................................................2

**TABLE OF EXHIBITS**

| No. | Short Name | Exhibit |
|---|---|---|
| **Ex. 1** | EcoFactor's Final Infringement Contentions | Excerpts from Claim Chart of Alleged Infringement of '890 patent, Exhibit 2 to EcoFactor's Final Infringement Contentions (Dec. 9, 2022) (highlighted) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Complete Name |
|---|---|
| **Plaintiff or EcoFactor** | Plaintiff EcoFactor, Inc. |
| **Defendant or Resideo** | Defendant Resideo Technologies, Inc. |
| **'890 patent** | U.S. Patent No. 10,584,890 |
| **'890 Asserted Claims** | Claims 1-3, 5-6, 9-11, 14-15, and 17 of the '890 patent[1] |
| **Motion or Mot.** | EcoFactor's Motion for Partial Summary Judgment of No Invalidity Based on Lack of Written Description, Dkt. 95 (Jul. 11, 2023) |
| **Element [1.l]** | The element of the '890 patent's claim 1 reciting: "[one or more processors configured with electronic circuitry to:] receive geo-positioning data from the location-aware mobile device and automatically adjust a temperature value based on the geo-positioning data, including initiating at least one cooling or heating cycle for the HVAC system when the geo-positioning data is determined to indicate that the building is unoccupied by the user" |
| **Element [1.o]** | The element of the '890 patent's claim 1 reciting: "electronic circuitry configured to generate and communicate usage metrics pertaining to the HVAC system over time" |

*All emphasis herein is added unless otherwise noted.

---

[1] This identifies the subset of claims analyzed by EcoFactor's technical expert on issues relating to alleged infringement. EcoFactor's Final Infringement Contentions (Dec. 9, 2022) alleged infringement of additional claims, but those are not identified here. Resideo reserves the right to address those additional claims to the extent EcoFactor later raises them.

# I.    INTRODUCTION

EcoFactor is not entitled to partial summary judgment of no invalidity based on lack of written description. That is because the Motion fails to meet EcoFactor's burden to demonstrate that there is no genuine dispute of material fact regarding lack of written description for elements [1.l] and [1.o]. Resideo's technical expert, Dr. Joseph Paradiso, provided expert testimony in support of his opinion that elements [1.l] and [1.o] lack written description, and EcoFactor's Motion has not shown that Dr. Paradiso's opinions fail to raise genuine disputes. Thus, the Court should decline to grant summary judgment. EcoFactor's Motion should be denied.

# II.    STATEMENT OF ISSUES TO BE DECIDED

Whether Resideo's expert testimony is sufficient to generate a genuine dispute of material fact regarding lack of written description for elements [1.l] and [1.o].

# III.    RELEVANT FACTUAL BACKGROUND

## A.    Lack of Written Description for Element [1.l].

Element [1.l] of the '890 patent requires:

> [One or more processors configured with electronic circuitry to:] receive geo-positioning data from the location-aware mobile device and automatically adjust a temperature value based on the geo-positioning data, including initiating at least one cooling or heating cycle for the HVAC system when the geo-positioning data is determined to indicate that the building is unoccupied by the user . . . .

'890 patent at Cl. 1. For infringement, EcoFactor has alleged that this element is met by Resideo's implementation of "geo-fencing" functionality. *See* Ex. 1 (EcoFactor's Final Infringement Contentions) at 116-17. Thus, for invalidity under § 112, Resideo's technical expert (Dr. Joseph Paradiso) analyzed whether element [1.l] lacks written description under EcoFactor's interpretation of the claim scope (with which Dr. Paradiso disagreed). *See* Paradiso Rpt. at ¶¶ 806-813.

Dr. Paradiso's analysis compared the specification to the claim language under EcoFactor's

interpretation of claim scope. Dr. Paradiso reasoned that the '890 patent's "specification does not disclose the concept of geo-fencing or transmitting generalized relative information regarding a device's location," so "a POSITA would not have understood the specification to describe or convey that the inventor had possession of such "geo fencing" functionality." *See id.* Thus, Dr. Paradiso concluded that element [1.l] lacks written description under EcoFactor's interpretation of the claim scope for purposes of infringement.

###   B.   Lack of Written Description for Element [1.o].

Element [1.o] of the '890 patent requires:

> [E]lectronic circuitry configured to generate and communicate usage metrics pertaining to the HVAC system over time . . . .

'890 patent at Cl. 1. For invalidity under § 112, Dr. Paradiso compared the specification to the claim language. He reasoned that because "the specification fails to describe how the "usage metrics" are generated and communicated," a "POSITA would not have understood the specification to describe or convey that the inventor had possession" of element [1.o]. Paradiso Rpt. at ¶ 813. Thus, Dr. Paradiso concluded that element [1.o] lacks written description.

## IV.   LEGAL STANDARD

Summary judgment must be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavit show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, a court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elc. Indus. Co. v. Zenith*

*Radio*, 475 U.S. 574, 587 (1986). A court also "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

## V.   ARGUMENT

### A.   Summary judgment should be denied because Resideo's expert testimony raises a genuine dispute as to whether element [1.l] lacks sufficient written description under EcoFactor's interpretation of the claim scope.

Resideo's expert testimony from Dr. Paradiso raises a genuine dispute as to whether element [1.l] lacks sufficient written description under EcoFactor's interpretation of the claim scope. *Cf.* Mot. at 4-8. An expert declaration can raise a genuine dispute of material fact regarding lack of sufficient written description. *See, e.g.*, *Riddell, Inc. v. Kranos Corp.*, No. 16 C 4496, 2017 U.S. Dist. LEXIS 82276, at *14-15 (N.D. Ill. May 30, 2017) (rejecting an argument that "expert declarations are irrelevant when determining whether a patent application satisfies the written description requirement . . . . in light of the numerous instances in which the Federal Circuit has analyzed expert testimony to determine whether the written description requirement has been met") (citations omitted). Here, and as explained in Section III.A, EcoFactor has alleged that Resideo's implementation of "geo-fencing" functionality meets element [1.l]. *See* Ex. 1 (EcoFactor's Final Infringement Contentions) at 116-17. And claim terms must be interpreted the same way for both invalidity and infringement. *See 01 Communique Lab., Inc. v. Citrix Sys.*, 889 F.3d 735, 743-44 (Fed. Cir. 2018). Thus, for invalidity under § 112, Dr. Paradiso opined that element [1.l] lacks written description under EcoFactor's interpretation that the claim scope of element [1.l] includes geofencing functionality. *See* Mot. at 4 (citing Paradiso Rpt. at ¶¶ 806-813). Dr. Paradiso's testimony raises a genuine dispute as to whether element [1.l] lacks sufficient written description under EcoFactor's interpretation of the claim scope.

That conclusion should not be altered by EcoFactor's citations to the prosecution history

or *inter partes* review proceedings. *See* Mot. at 2-4, 8. EcoFactor has not cited *any* evidence to suggest that *anyone* at the Patent Office, during prosecution or in IPR2022-00535, was ever aware of EcoFactor's interpretation that the claim scope of element [1.l] includes geofencing functionality. Resideo's theory of lack of written description is based on a position that EcoFactor has taken in this litigation, and there is no evidence that the Patent Office has ever endorsed that position.

Thus, the parties have a genuine dispute over whether element [1.l] lacks sufficient written description under EcoFactor's interpretation of the claim scope. The Court should therefore decline to grant summary judgment.

### B.    Summary judgment should be denied because Resideo's expert testimony generates a genuine dispute as to whether element [1.o] lacks sufficient written description.

Resideo's expert testimony from Dr. Paradiso also raises a genuine dispute as to whether element [1.o] lacks sufficient written description. *Cf.* Mot. at 8-9. Section 112's written description requirement is met if "the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc). But showing a *lack* of "possession of the claimed subject matter" requires proof of a negative. And when proving a negative, it is permissible to be conclusory. *See, e.g.*, *Allstate Ins. Co. v. Vizcay*, No. 8:11-cv-804-T-17TBM, 2013 U.S. Dist. LEXIS 143453, at *15-16 (M.D. Fla. Sep. 30, 2013) ("While the Court recognizes that the declaration is fairly conclusory in nature the Court must also balance that with the practical difficulty that is inherent in proving a negative. This is especially true in a case such as this when the proof that must be overcome is in the form of expert opinion."); *Davis v. Thurston Cty.*, No. 33010-9-III, 2015 Wash. App. LEXIS 1407, at *14 (Ct. App. July 2, 2015) ("Although this testimony is conclusory in nature, we recognize the difficulty of proving

4

the absence of a negative.") *Brooks v. ComUnity Lending, Inc.*, No. C 07-4501 JF (PVT), 2010 U.S. Dist. LEXIS 67116, at *37 (N.D. Cal. July 6, 2010) ("While this allegation is somewhat conclusory, it is difficult to prove a negative."). Here, and as explained in Section III.B, Dr. Paradiso's opinion that element [1.o] lacks sufficient written description is proof of a negative— *i.e.*, that the specification *lacks* sufficient written description to support the limitation. Thus, it was permissible for this opinion to be relatively conclusory. To the extent EcoFactor believes this opinion to be weak, EcoFactor will have every opportunity to cross Dr. Paradiso on it at trial.

Thus, the parties have a genuine dispute over whether element [1.o] lacks sufficient written description. The Court should therefore decline to grant summary judgment.

## VI.   CONCLUSION

For the reasons above, the Court should decline to grant summary judgment. Thus, Resideo respectfully requests that the Court deny the Motion.

Dated: July 25, 2023                    Respectfully submitted,

*/s/ S. Benjamin Pleune*
S. Benjamin Pleune
M. Scott Stevens
Stephen R. Lareau
J. Ravindra Fernando
Matthew M. Turk
**ALSTON & BIRD LLP**
Vantage South End
1120 S Tryon St # 300
Charlotte, NC 28203
Telephone: 704-444-1000
ben.pleune@alston.com
scott.stevens@alston.com
stephen.lareau@alston.com
ravi.fernando@alston.com
matthew.turk@alston.com

Ted Stevenson
Brady Cox
**ALSTON & BIRD LLP**
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Telephone:  214-922-3400
ted.stevenson@alston.com
brady.cox@alston.com

Deron Dacus
**THE DACUS FIRM, P.C.**
821 ESE Loop 323
Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
ddacus@dacusfirm.com

*Attorneys for Defendant*
*Resideo Technologies, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney hereby certifies that counsel of record who are deemed to have consented to electronic service are being served on July 25, 2023, with a copy of this document via the Court's CM/ECF.

/s/ J. Ravindra Fernando

J. Ravindra Fernando