UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ECOFACTOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> RESIDEO TECHNOLOGIES, INC., <br><br> Defendant. | Civil Action No. 6:22-cv-00069-ADA <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT RESIDEO TECHNOLOGIES, INC.'S
RESPONSE IN OPPOSITION TO PLAINTIFF ECOFACTOR, INC.'S
<u>MOTION TO EXCLUDE OPINIONS OF RESIDEO'S EXPERT KENT LARSON</u>
(DKT. 92)**

**TABLE OF CONTENTS**

I. Introduction ........................................................................................................................ 1

II. Statement of Issues to be Decided ..................................................................................... 1

III. Relevant Factual Background ............................................................................................ 1

IV. Legal Standard ................................................................................................................... 4

V. Argument ........................................................................................................................... 4
    A. Mr. Larson Provided *Expert* Opinions Relating to *Public Availability* of Prior Art. ................................................................................................................. 4
    B. Mr. Larson Provided *Factual* Testimony Relating to the Structure and Operation of the MIT System. .............................................................................. 5

VI. Conclusion ......................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alloc, Inc. v. ITC*, 342 F.3d 1361 (Fed. Cir. 2003) ...................................................................7, 8

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (2003) ............................................................4

*Kinetic Concepts, Inc. v. Bluesky Med. Corp.*, No. SA-08-CV-102, 2010 WL 9098787 (W.D. Tex. Jan. 29, 2010) ..............................................................................................8

*In re Klopfenstein*, 380 F.3d 1345 (Fed. Cir. 2004) .........................................................................8

*Maxell, Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2021 WL 3021253 (E.D. Tex. Feb. 26, 2021) ....................................................................................................................6

*Medtronic, Inc. v. Barry*, 891 F.3d 1368 (Fed. Cir. 2018) ...............................................................8

*Mobile Equity Corp. v. Walmart Inc.*, No. 2:21-cv-00126-JRG-RSP, 2022 WL 4492403 (E.D. Tex. Sept. 27, 2022) (Payne, J.) ............................................................................4

*Smith v. State Farm Lloyds*, No. 4:21-CV-837, 2023 WL 359495 (E.D. Tex. Jan. 23, 2023) ................................................................................................................................4

*SynQor, Inc. v. Vicor Corp.*, No. 2:14-CV-287-RWS, 2022 WL 4677581 (E.D. Tex. Sept. 30, 2022) ...........................................................................................................6

*Wells v. SmithKline Beecham Corp.*, 601 F.3d 375 (5th Cir. 2010) ................................................4

**Other Authorities**

Fed. R. Civ. P. 30(b)(1) ........................................................................................ *passim*

**TABLE OF EXHIBITS**

| No. | Short Name | Exhibit |
|---|---|---|
| **Ex. 1** | Resideo's Disclosures | Defendant Resideo Technologies, Inc.'s First Supplemental Initial and Additional Disclosures (Feb. 22, 2023) |
| **Ex. 2** | Correspondence Mar. 23, 28, 2023 | E-Mail Correspondence between J. Ma. and R. Fernando (Mar. 23, 28, 2023) (highlighted) |
| **Ex. 3** | Larson Subpoena | Subpoena to Testify at a Deposition in a Civil Action to Kent Larson (Mar. 30, 2023) |
| **Ex. 4** | Correspondence Mar. 31, 2023 | E-Mail Correspondence between J. Ma. and R. Fernando (Mar. 31, 2023) (highlighted) |
| **Ex. 5** | Larson 30(b)(1) Dep. Notice | Plaintiff EcoFactor's Notice of Rule 30(b)(1) Deposition of Kent Larson (Apr. 11, 2023) |

**TABLE OF ABBREVIATIONS**

| Abbreviation | Complete Name |
|---|---|
| **Plaintiff or EcoFactor** | Plaintiff EcoFactor, Inc. |
| **Defendant or Resideo** | Defendant Resideo Technologies, Inc. |
| **'890 patent** | U.S. Patent No. 10,584,890 |
| **'890 Asserted Claims** | Claims 1-3, 5-6, 9-11, 14-15, and 17 of the '890 patent[1] |
| **Motion or Mot.** | Plaintiff EcoFactor, Inc.'s Motion to Exclude Expert Opinions of Resideo Technical Expert Kent Larson, Dkt. 92 (July 11, 2023) |
| **Paradiso Rpt.** | Opening Expert Report of Dr. Joseph Paradiso Regarding Invalidity of U.S. Patent No. 10,584,890, Dkt. 90, Ex. E (May 12, 2023) |
| **Larson Rpt.** | Expert Report of Kent Larson Regarding the MIT System, Dkt. 90, Ex. N (Apr. 20, 2023) |
| **Larson Tr.** | Deposition Transcript of Kent Larson, Dkt. 90, Ex. G (Apr. 29, 2023) |

*All emphasis herein is added unless otherwise noted.
**As indicated in the table above, certain Exhibits cited herein are attached to the declaration filed at Dkt. 90.

---

[1] This identifies the subset of claims analyzed by EcoFactor's technical expert on issues relating to alleged infringement. EcoFactor's Final Infringement Contentions (Dec. 9, 2022) alleged infringement of additional claims, but those are not identified here. Resideo reserves the right to address those additional claims to the extent EcoFactor later raises them.

## I. INTRODUCTION

EcoFactor has always known, and Resideo has always made clear, that Mr. Kent Larson was a person having knowledge regarding public availability dates and background relating to the MIT System, a timely-disclosed system prior art reference. Rather than waiting until expert discovery, EcoFactor *insisted* on eliciting Mr. Larson's factual testimony during fact discovery. At every stage of the case, Resideo was transparent regarding Mr. Larson's factual testimony, and bent over backwards to disclose *more* than what was required regarding his relevant factual knowledge and his opinions relating to the public availability of the MIT System.

Now that EcoFactor realizes it is facing an uphill invalidity battle, its Motion seeks to punish Resideo for providing extensive information regarding Mr. Larson's opinions and factual testimony by weaponizing his relevant, personal knowledge of the features and functionality of the MIT System and by mischaracterizing him as a "phantom invalidity expert" on the '890 patent. As shown below, however, Mr. Larson's factual testimony, based on his personal knowledge, is proper and admissible. EcoFactor's Motion should be denied.

## II. STATEMENT OF ISSUES TO BE DECIDED

Whether Mr. Kent Larson, who provided expert *opinions* only on public availability of the MIT System invalidity ground, may also rely on his personal knowledge to provide factual testimony about the features and functionality of the MIT System.

## III. RELEVANT FACTUAL BACKGROUND

The MIT System was a prior art GPS-controlled thermostat system. *See* Paradiso Rpt. at ¶ 111. Part of this system is conceptually illustrated below:

1

**Paradiso Rpt. at ¶ 176 (excerpt from MIT Thesis)**



Figure 9. GPS-Controlled thermostat system: design of functional prototype used for pilot testing.

The MIT System used GPS data from a mobile phone (*i.e.*, a Motorola 9Qh device) to determine when the user began traveling home and accordingly adjust the setpoint of a thermostat (*i.e.*, an RCS TR40 device) to ensure the house was at a desired, comfortable temperature when the user arrives home. *See* Paradiso Rpt. at ¶¶ 111-12. This prior art system was constructed as part of a thesis paper authored by Mr. Manu Gupta and supervised by Mr. Kent Larson. *See id.* at ¶¶ 113-14; Larson Rpt. at ¶¶ 21-23. Mr. Larson is expected to provide expert testimony at trial regarding public availability and use of the MIT System. *See* Larson Rpt. at ¶¶ 17-32. He is also expected to provide factual testimony at trial regarding content and operation of the MIT System, which he personally supervised the construction of and observed in operation. *Id.* at ¶¶ 33-116.

      Resideo's technical expert, Dr. Joseph Paradiso, opined that the '890 Asserted Claims are invalid based on the MIT System (among various theories of invalidity). *See* Paradiso Rpt. at ¶ 6. In forming these invalidity opinions, Dr. Paradiso relied on many pieces of evidence from public and non-public sources. First, Dr. Paradiso relied on Mr. Larson's testimony, including his factual testimony regarding the operation of the MIT System. *See id.* at ¶ 114. Second, Dr. Paradiso relied on three documents—the thesis paper submission ("the MIT Thesis"), an article submission ("the MIT Article"), and a presentation ("the MIT Presentation")—to corroborate Mr. Larson's

testimony and describe the operation of the MIT System as a whole. *See id.* at ¶¶ 113, 115-19. Third, Dr. Paradiso further relied on user manuals for the RCS TR40 thermostat and Motorola 9Qh mobile phone that were used in the MIT System. *See id.* at ¶¶ 113, 120-22. Fourth, Dr. Paradiso relied on testimony from Michael Hoffman, a VP of Engineering from UEI (formerly RCS) regarding functionality in the RCS TR40 thermostat. *See id.* at ¶ 121. Fifth, Dr. Paradiso relied on his own personal knowledge about the MIT System from when it was developed. *See id.* at ¶ 114.

During fact discovery, Resideo provided EcoFactor with ample notice of intent to rely on Mr. Larson's factual testimony regarding the operation of the MIT System. On February 22, 2023, Resideo supplemented its Initial and Additional Disclosures and identified Mr. Larson as a person having "[k]nowledge regarding public availability dates and background relating to prior art references." Ex. 1 (Resideo's Disclosures) at 3. Then, when EcoFactor indicated it was considering subpoenaing Mr. Larson, Resideo explained that it identified Mr. Larson because "he may have *factual* information in the identified area of knowledge" and because he would be submitting an opening report, "a subpoena [wa]s not necessary and [Resideo] suggest[ed] that the parties defer Mr. Larson's deposition to expert discovery." Ex. 2 (Correspondence Mar. 23, 28, 2023) at 1. EcoFactor refused that approach. On March 30, 2023, EcoFactor issued a subpoena to Mr. Larson "***to see what knowledge he has of the facts*** of this case ***during fact discovery*** so that we have the ability to follow-up with any issues stemming from his knowledge during fact discovery" and that "[s]hould Resideo elect to have Mr. Larson issue an expert report, [EcoFactor] ha[d] the right to depose him again." Ex. 3 (Larson Subpoena); Ex. 4 (Correspondence Mar. 31, 2023). And on April 11, EcoFactor issued a Fed. R. Civ. P. 30(b)(1) notice to Mr. Larson, indicating that he was to be deposed regarding his personal factual knowledge. Ex. 5 (Larson 30(b)(1) Dep. Notice).

After that, EcoFactor had every opportunity to explore Mr. Larson's opinions and his

3

factual knowledge. On April 20, 2023, Mr. Larson submitted a report providing his (1) expert testimony regarding public availability of the MIT System, and (2) factual testimony, based on his personal knowledge, regarding the content and operation of the MIT System. *See, e.g.*, Larson Rpt. at §§ V-VI, ¶¶ 2, 5, 6. And on April 29, 2023—before the *close* of fact discovery and before the *start* of expert discovery—Mr. Larson was deposed regarding his expert opinions on public availability and his factual knowledge about the operation of the MIT System. *See* Larson Tr.

## IV.    LEGAL STANDARD

An expert's testimony should be excluded if his or her methodology is unreliable or the expert provides opinions divorced from the facts of the case. *Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 378 (5th Cir. 2010) (citation omitted). But simply disagreeing with the expert's opinion, or the weight he or she assigns to evidence, is not a sufficient basis to warrant exclusion. *Smith v. State Farm Lloyds*, No. 4:21-CV-837, 2023 WL 359495, at *2 (E.D. Tex. Jan. 23, 2023) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (2003)). "[I]ssues with [an expert's] . . . conclusions, not his methodology . . . are best addressed by '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'" *Mobile Equity Corp. v. Walmart Inc.*, No. 2:21-cv-00126, 2022 WL 4492403, at *3 (E.D. Tex. Sept. 27, 2022) (Payne, J.) (quoting *Daubert*, 509 U.S. at 596).

## V.    ARGUMENT

### A.    Mr. Larson Provided *Expert* Opinions Relating to *Public Availability* of Prior Art.

Realizing it faces a significant invalidity problem, EcoFactor incorrectly claims that Mr. Larson provides expert opinions on the invalidity of the '890 patent. That is not true. Mr. Larson will not be asked to provide opinion testimony at trial as to whether the MIT System anticipates or renders obvious any '890 Asserted Claim. Mr. Larson was never identified as a technical expert

4

on invalidity of the '890 patent, nor was he ever asked to opine on invalidity. Mr. Larson's report also contains no legal requirements, standards, or guidance related to invalidity. Thus, EcoFactor's Motion is moot.

To be clear, however, the parties agree that Mr. Larson is permitted to provide expert opinions "about whether the MIT System was publicly available," *see, e.g.*, Mot. at 5, and that is exactly what Mr. Larson did. As explained above in Section III, Resideo identified Mr. Larson from the very beginning as having "[k]nowledge regarding **public availability dates** . . . relating to prior art references." Ex. 1 (Resideo's Disclosures) at 3. Moreover, the "Legal Standards" section of Mr. Larson's report discusses standards regarding whether a reference may qualify as being "publicly available." *See* Larson Rpt. at § VI. After that, Mr. Larson's report has a section titled "Public Availability and Use of the MIT System," which applies the legal standards for public availability to facts that are within his personal knowledge. Specifically, Mr. Larson states that he "personally observed the MIT System in use in 2008," and then identifies documentary evidence that corroborates his memory. *See id.* at ¶¶ 18-32. None of these expert opinions are challenged by EcoFactor. *See* Mot. at 5.

### B. Mr. Larson Provided *Factual* Testimony Relating to the Structure and Operation of the MIT System.

In addition to providing expert opinions about public availability and use of the MIT System, however, Mr. Larson should be permitted to provide *factual* testimony relating to the structure and operation of that system—and that testimony does *not* make Mr. Larson a "Phantom Invalidity Expert." *See, e.g.*, Mot. at 2, 5-7 (incorrectly painting Mr. Larson's factual testimony as an invalidity analysis). As explained earlier in Section III, Resideo identified Mr. Larson from the very beginning as having "[k]nowledge regarding . . . **background relating to prior art references**." Ex. 1 (Resideo's Disclosures) at 3. That is exactly what he did. Mr. Larson provided

*factual* testimony based on his personal knowledge regarding the features, functionality, and operation of the MIT System because, as demonstrated above, he was intimately involved in the collaborative effort to design and develop the MIT System.

This can be no surprise to EcoFactor. As also explained earlier in Section III, it was ***EcoFactor*** that subpoenaed *and* issued a Fed. R. Civ. P. 30(b)(1) deposition notice Mr. Larson "to see what knowledge he has of the facts of this case during fact discovery." Ex. 3 (Larson Subpoena); Ex. 5 (Larson 30(b)(1) Dep. Notice); Ex. 4 (Correspondence Mar. 31, 2023). After insisting on deposing Mr. Larson and eliciting his factual testimony, EcoFactor cannot credibly claim that Mr. Larson is precluded from "provid[ing] facts regarding . . . prior art as topics within his own knowledge" and "testify[ing] regarding his background and experience in order to provide an appropriate foundation for his fact testimony." *See, e.g., SynQor, Inc. v. Vicor Corp.*, No. 2:14-CV-287-RWS, 2022 WL 4677581, at *7 (E.D. Tex. Sept. 30, 2022) (citing *Maxell, Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2021 WL 3021253, at *1-2 (E.D. Tex. Feb. 26, 2021)).

Indeed, Resideo was trying to *minimize* the parties' disputes when it asked Mr. Larson to provide a factual overview of the MIT System in his report. That factual overview was not a necessary part of Mr. Larson's public availability analysis, but it was squarely within the scope of EcoFactor's subpoena and Fed. R. Civ. P. 30(b)(1) deposition notice. The factual overview of the MIT System in Mr. Larson's report was intended to provide *advance* notice to EcoFactor, as well as minimize trial objections about Mr. Larson's factual testimony being outside the scope of his report. Resideo did *more* than was required to eliminate even a *hint* of prejudice or surprise to EcoFactor—and EcoFactor's Motion is now trying to punish Resideo for that.

It is irrelevant that "[m]any of the features and functionalities Mr. Larson was asked about are identical to the claim terms of the '890 patent." Mot. at 2. Mr. Larson testified that he has never

6

seen the '890 patent or even knew what the claims terms are. Larson Tr. at 19:13-16, 21:20-24. And EcoFactor ignores that Mr. Larson was simply "using plain-and-ordinary meaning of terms that are well understood in the industry." *See, e.g.*, *id.* at 25:8-11. Indeed, the Federal Circuit has repeatedly explained that "'[c]laim language generally carries the ordinary meaning of the words in their normal usage in the field of invention' at the time of invention." *See Alloc, Inc. v. ITC*, 342 F.3d 1361, 1368 (Fed. Cir. 2003). Mr. Larson's use of the plain-and-ordinary meaning of terms that were well understood in the industry does not transform his personal knowledge and factual testimony into an expert invalidity opinion.

EcoFactor also faults Mr. Larson's report for including the Court's claim constructions, alleging not only that "the claim constructions could only be relevant to determing [sic] whether the MIT System meets the asserted claims," but that Mr. Larson also chose to disregard the Court's claim constructions anyways. *See* Mot. at 1, 6, 8. Both assertions are untrue. Mr. Larson did not disregard the Claim Construction Order. In fact, he made abundantly clear that he reviewed the claim constructions to confirm that it was applying the known, plain-and-ordinary meanings:

> Q. Okay. If you're not here to review any other patent claims, why did you put the claim constructions of patent claims in your report? . . . .
>
> THE WITNESS: *My understanding was that was just to establish that the plain-and-ordinary meaning of terms like setpoint was to be used*. . . .
>
> Q. So again, why would you use claim constructions in litigation involving claim terms for the '890 patent in your report that involve you explaining what features and functionalities were in the MIT system? . . . .
>
> THE WITNESS: I think it was just to get on the record that *we were not doing anything other using plain-and-ordinary meaning to these terms*. . . .
>
> Q. What does this clarify?
>
> A. For me, *it clarifies that we're just using plain-and-ordinary meaning of terms that are well established in the industry.*

*See, e.g.*, Larson Tr. at 23:4-10, 24:7-14, 25:8-11. In addition, EcoFactor's Motion has not identified any example where Mr. Larson used any term or phrase inconsistently with the plain

7

and ordinary meaning of a claim term. EcoFactor's argument that Mr. Larson used a construed term in any manner inconsistent with the Court's Claim Construction Order is meritless.

Nor does Mr. Larson's discussion of a POSITA's level of knowledge show that he was providing invalidity opinions. *See* Mot. at 6. "Claim language generally carries the ordinary meaning of the words in their normal usage in the field of invention' at the time of invention." *Alloc*, 342 F.3d at 1368. By explaining the level of skill of a POSITA, Mr. Larson **confirmed** that he was using the terms in a manner consistent with the plain-and-ordinary meaning as understood by a POSITA at the time of the invention. *see also* Larson Tr. at 23:4-10, 24:7-14, 25:8-11. In addition, Mr. Larson's discussion of a POSITA's level of skill is also relevant to his opinion that the MIT System was publicly available and accessible prior to May 26, 2010. *See, e.g.*, *Medtronic, Inc. v. Barry*, 891 F.3d 1368, 1382 (Fed. Cir. 2018) (citing *In re Klopfenstein*, 380 F.3d 1345, 1350-51 (Fed. Cir. 2004)) ("The **expertise of the target audience** can be a factor in determining public accessibility."); *Kinetic Concepts, Inc. v. Bluesky Med. Corp.*, No. SA-08-CV-102, 2010 WL 9098787, at *7 (W.D. Tex. Jan. 29, 2010).

Thus, because Mr. Larson provided no opinion on invalidity, EcoFactor's argument that Mr. Larson did not perform a proper validity analysis is irrelevant and moot. Mr. Larson's factual testimony about the structure and operation of the MIT System should not be excluded.

## VI. CONCLUSION

For the reasons above, Resideo respectfully requests denial of the Motion.

Dated: July 25, 2023                                  Respectfully submitted,

*/s/ S. Benjamin Pleune*
S. Benjamin Pleune
M. Scott Stevens
Stephen R. Lareau
J. Ravindra Fernando
Matthew M. Turk
**ALSTON & BIRD LLP**
Vantage South End
1120 S Tryon St # 300
Charlotte, NC 28203
Telephone: 704-444-1000
ben.pleune@alston.com
scott.stevens@alston.com
stephen.lareau@alston.com
ravi.fernando@alston.com
matthew.turk@alston.com

Ted Stevenson
Brady Cox
**ALSTON & BIRD LLP**
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Telephone:  214-922-3400
ted.stevenson@alston.com
brady.cox@alston.com

Deron Dacus
**THE DACUS FIRM, P.C.**
821 ESE Loop 323
Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
ddacus@dacusfirm.com

*Attorneys for Defendant*
*Resideo Technologies, Inc.*

9

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that that a true and correct copy of the above and foregoing document and any exhibits thereto were filed electronically and served by e-mail on July 25, 2023, to all counsel of record.

*/s/ J. Ravindra Fernando*
J. Ravindra Fernando
